673 A.2d 371

**COMMONWEALTH of Pennsylvania**

v.

**Gaetano Thomas VAGLICA, Appellant.**

Superior Court of Pennsylvania.

Submitted September 25, 1995.

Filed March 20, 1996.

190

Theodore J. Krol, Assistant Public Defender, Hollidaysburg, for appellant.

Phillip O. Robertson, Assistant District Attorney, Hollidaysburg, for the Commonwealth.

Before DEL SOLE, FORD ELLIOTT and OLSZEWSKI, JJ.

DEL SOLE, Judge:

This is an appeal from a judgment of sentence imposed by the Blair County Court of Common Pleas.

Following a domestic dispute, Appellant was arrested and charged with Simple Assault, Criminal Trespass, Criminal Mischief, Endangering the Welfare of Children, Resisting Arrest, Carrying Firearms Without a License, and Former Convict Not to Own a Firearm. Appellant was tried on these charges in December, 1993, but the jury was unable to reach a verdict. Appellant was retried on the latter four charges in December, 1994, and was convicted of the firearms charges.

The jury was selected two weeks before the second trial was scheduled to begin. On December 7, 1994, immediately before the jury was to be brought into the courtroom for trial, Appellant's attorney advised the court that Appellant wished to proceed *pro se*. After a brief discussion, the court denied Appellant's request for self-representation.

■ Appellant argues that the trial court erred in not allowing him to represent himself at trial. While it is well settled that a criminal defendant has the right to proceed *pro se* at trial, *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326 (1995); *Commonwealth v. Rogers*, 537 Pa. 581, 645 A.2d 223 (1994), the right of self-representation is not absolute. This right may be limited or waived, for instance, if it is not raised before trial. *Commonwealth v. Owens*, 496 Pa. 16, 436 A.2d 129 (1981).

■ In justifying the need to timely raise the right of self-representation, courts have recognized, among other things, the need to minimize disruptions, to avoid inconvenience and delay, to maintain continuity, and to avoid confusing the jury. *U.S. v. Dunlap*, 577 F.2d 867 (4th Cir.1978). In light of these

objectives, when the request for self-representation is asserted after "meaningful trial proceedings have begun", the granting of the right rests within the trial judge's discretion. See, *U.S. v. Lawrence*, 605 F.2d 1321 (4th Cir.1979).

The issue of when "meaningful trial proceedings have begun" has not been addressed in Pennsylvania state courts, although it has been widely discussed by the federal courts of appeal. We agree with and adopt the view expressed by the following United States Courts of Appeal that meaningful trial proceedings have begun once the process of jury selection is commenced. See, *U.S. v. Lawrence*, 605 F.2d 1321 (4th Cir.1979); *Chapman v. U.S.*, 553 F.2d 886 (5th Cir.1977); *Robards v. Rees*, 789 F.2d 379, 383 (6th Cir.1986); *U.S. v. Smith*, 780 F.2d 810, 811 (9th Cir.1986); *Horton v. Dugger*, 895 F.2d 714 (11th Cir.1990). A defendant's trial strategy can influence the jurors selected, and the jurors selected can determine trial strategy. The selection process is a "meaningful trial proceeding" which may have serious ramifications on the determination of guilt or innocence.

Appellant's request for self-representation was made just minutes before trial was scheduled to begin. The jury had already been selected but was not yet sworn. Therefore, the decision to allow Appellant to proceed *pro se* was within the trial court's discretion. When exercising its discretion, the trial court carefully considered Appellant's reasons for the self-representation request, the quality of Appellant's counsel, and Appellant's prior requests to substitute counsel. In addition, the court was aware that Appellant's request was preceded by the possibility of new counsel appearing on his behalf, but that this attorney would not formally enter an appearance unless the case was continued. Given that Appellant's desire to proceed pro se was questionable and designed to seek delay of the trial, Judge Kopriva properly exercised her discretion in denying Appellant's untimely request for self-representation.

Appellant next argues that the trial court erred when it refused to charge the jury on the defense of justification for the charges of Carrying a Firearm Without a License and Former Convict Not to Own a Firearm. The trial court

may only instruct the jury on legal principles which are applicable to the evidence presented. *Commonwealth v. White,* 490 Pa. 179, 415 A.2d 399 (1980). We must therefore review the evidence presented to determine whether the trial court should have instructed the jury on the defense of justification.

Appellant and Carla Knutson had been paramours. The incident in question arose when Appellant went to Ms. Knutson's home to retrieve property he claimed belonged to him. Ms. Knutson was not in the house when Appellant arrived but he entered the house anyway and began removing property. He saw a gun on the coffee table and put it in the leather pouch he was wearing around his waist. In the meantime, Ms. Knutson had called the police. The police arrived and attempted to get Appellant to leave the property. Appellant and the officer went outside and Appellant saw Ms. Knutson and Penny Kline who was holding Ms. Knutson's infant son. Appellant tried to pull the baby away. The officer intervened and a struggle ensued. A second officer arrived and helped to subdue appellant and place him in the police car. When the officers patted Appellant down, they found the gun. Appellant testified that he took the gun because he feared that Ms. Knutson might use it against him. He testified that Ms. Knutson had been under psychiatric care and had tried to commit suicide eight months prior to this incident. This evidence, Appellant claims, is sufficient to raise a justification defense. We do not agree.

■ To warrant an instruction on justification, the evidence must show, *inter alia,* that the defendant faced a clear and imminent harm not a harm that is debatable or speculative. *Commonwealth v. Capitolo,* 508 Pa. 372, 498 A.2d 806 (1985). If the evidence, even if believed, is insufficient to sustain this element of the defense, the trial court need not charge the jury on justification. *Id.* Appellant's evidence is clearly insufficient to show that he faced a clear and imminent harm. When Appellant found the gun, neither Ms. Knutson nor anyone else was there to constitute a threat to him. Appellant's fear that Ms. Knutson might at some time in the future

use the gun against him, even if believed, does not suffice to show a clear and imminent harm. See, *e.g., Commonwealth v. Hoke,* 381 Pa.Super. 70, 552 A.2d 1099 (1989) (no imminent harm where accident victim lying motionless on ground; therefore, justification no defense to leaving the scene); *Commonwealth v. Boone* 287 Pa.Super. 1, 429 A.2d 689 (1981) (adverse prison conditions do not rise to the level of immediate threat to the life and personal safety of defendant; justification no defense to escape charge).

Appellant finally claims that trial counsel was ineffective for failing to present a motion to sever the Former Convict Not to Own a Firearm charge from the other criminal charges. The standard to be used in evaluating ineffective assistance of counsel claims is well-settled. First, counsel's performance is evaluated in light of its reasonableness if it is determined that the underlying claim is of arguable merit. Second, the defendant must demonstrate how the ineffectiveness prejudiced him. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973, 975 (1987). Appellant has not been able to meet the second part of this test, because he was not found guilty of the non-weapons charges. Furthermore, since Appellant testified, his record would have been disclosed to the jury in any event.

Judgment of sentence affirmed, jurisdiction relinquished.