**Commonwealth v. Brooke**

*Jean A. Engler, assistant district attorney,* for Commonwealth.
*Kent D. Watkins,* for defendant.

NANOVIC, *P.J.,* November 5, 2008—

PROCEDURAL AND FACTUAL BACKGROUND

On August 11, 2004, Albert Edward Brooke (defendant) pled nolo contendere to one count of aggravated

indecent assault[1] (F2), two counts of corruption of minors[2] (M1), and two counts of endangering the welfare of a child[3] (M1), in the case docketed to no. 128 CR 2003 for incidents involving his stepdaughter when she was 5 and 6 years old; defendant also pled nolo contendere to one count of corruption of minors (M1) and one count of endangering the welfare of a child (M1), in the case docketed to no. 129 CR 2003, for incidents involving his 4-year-old stepson. Defendant's pleas were entered pursuant to a negotiated plea agreement in which the majority of the charges filed were to be nolle prossed, several consisting of felonies of the first degree.[4] Under this agreement, defendant was to receive an aggregate sentence of four to eight years' imprisonment in a state correctional facility, followed by 20 years' probation. The plea agreement was accepted by this court and, in accordance with the agreement, defendant was sentenced on the same date.[5]

---

1. 18 Pa.C.S. §3125.

2. 18 Pa.C.S. §6301.

3. 18 Pa.C.S. §4304.

4. The validity of defendant's pleas was previously litigated when defendant filed a post-sentence motion to withdraw his pleas on the basis that the pleas were not knowingly, intelligently, voluntarily, and understandingly entered, which we denied. See defendant's concise statement of matters complained of on appeal, filed April 27, 2006. This decision was affirmed by the Superior Court on February 28, 2007.

5. Defendant was sentenced to a period of imprisonment of not less than 34 months nor more than 68 months on the aggravated indecent assault charge docketed to no. 128 CR 2003; four consecutive five-year periods of probation on the two corruption of minors charges and the two endangering the welfare of a child charges docketed to no. 128 CR 2003; a period of imprisonment of not less than seven months nor more than 14 months on the corruption of minors charge docketed to

On May 21, 2007, defendant filed the instant petition for post-conviction collateral relief pro se. An amended, counseled petition was filed on November 5, 2007. In this petition, defendant claims that while he was competent to stand trial, he was not competent to represent himself and that standby counsel was ineffective in permitting him to enter a plea.[6]

A hearing on defendant's petition, at which defendant was present and represented by counsel, was held on January 31, 2008. Defendant's petition is now before us for disposition.

## DISCUSSION

### 1) *Self Representation*

On August 11, 2004, after jury selection was complete, defendant requested and was granted permission to represent himself with the assistance of his former trial counsel as standby counsel. Defendant now argues he should not have been permitted to do so, averring that he was not mentally competent to represent himself in legal proceedings. We are at a loss to explain why de-

no. 129 CR 2003, consecutive to the sentence imposed in no. 128 CR 2003; and a period of imprisonment of not less than seven months nor more than 14 months on the endangering the welfare of a child charge docketed to no. 129 CR 2003, consecutive to the sentences imposed in no. 128 and no. 129 CR 2003.

6. At the nolo contendere plea hearing, defendant was assisted by two members of the Carbon County Public Defender's Office who acted as standby counsel: Chief Public Defender Gregory Mousseau, Esquire, and Public Defender William G. Schwab, Esquire. (N.T., 08/11/2004 (plea colloquy), pp. 2-3.)

fendant now chooses to raise this issue, rather than in any of his scores of previous filings, particularly his motion to withdraw his nolo contendere pleas, for which he was represented by new counsel.

To be eligible for relief under the Post Conviction Relief Act (PCRA), a defendant must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more errors set forth in 42 Pa.C.S. §9543 *and* that the issue has not been previously litigated or waived. For purposes of the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S. §9544(b); see also, *Commonwealth v. Rounsley,* 717 A.2d 537, 539 (Pa. Super. 1998) (recognizing that "nearly all claims are waived under the PCRA since nearly all claims potentially could have been raised on direct appeal"). Waiver is an issue which may be raised sua sponte by the PCRA court. See *Commonwealth v. Davis,* 393 Pa. Super. 88, 97, 573 A.2d 1101, 1105 (1990), *appeal denied,* 527 Pa. 597, 589 A.2d 688 (1991).

Nevertheless, waiver will not be found where the issue involves a defendant's competency to waive a constitutional right. "[I]t would be contradictory to argue that a defendant may be incompetent, and yet knowingly and intelligently 'waive' his right to have the court determine his capacity to stand trial." *Commonwealth v. Santiago,* 579 Pa. 46, 63, 855 A.2d 682, 692 (2004). Thus, we hold only that during the time defendant represented himself this issue was not waived.

In addressing the merits of this claim, we must first be precise in defining the claim: the issue is not whether the colloquy which preceded our granting defendant's request to represent himself at trial was sufficient, but whether defendant was mentally ill and therefore not competent to waive his constitutional right to counsel and thereby represent himself.[7] The burden of establishing mental incompetency is upon the defendant and must

---

7. A criminal defendant has a constitutional right, guaranteed by the Sixth and Fourteenth Amendments, to self-representation. See *Faretta v. California,* 422 U.S. 806, 807 (1975). However, before this right may be exercised, the defendant must be advised of his right to counsel, and his decision to waive counsel and to represent himself must be unequivocal, voluntary and intelligent, timely, and not for purposes of delay. See *Commonwealth v. Blakeney,* 596 Pa. 510, 527, 946 A.2d 645, 655 (2008); *Commonwealth v. Vaglica,* 449 Pa. Super. 188, 192, 673 A.2d 371, 373 (1996). The defendant must understand both the significance and consequences of his decision.

To ensure a defendant's waiver of counsel is knowing, voluntary, and intelligent, Pa.R.Crim.P. 121, in its present form, adopts the "probing colloquy" standard described in *Commonwealth v. Starr,* 541 Pa. 564, 585, 664 A.2d 1326, 1335 (1995). Under this standard, if the inquiry is deficient, "relief is warranted only if the [defendant] suffers actual prejudice as a result thereof." *Commonwealth v. Davis,* 393 Pa. Super. 88, 102 n.7, 573 A.2d 1101, 1108 n.7 (1990), *appeal denied,* 527 Pa. 597, 589 A.2d 688 (1991). From the evidence of record, there is no reason to believe that defendant's plea was unlawfully induced by his decision to waive counsel, or that he suffered any prejudice regardless of the sufficiency of his colloquy.

In this case, an extensive colloquy was conducted in which we explained defendant's rights to him, emphasized the dangers of representing himself—including the responsibilities he would assume as his own counsel, and inquired into defendant's understanding of the charges and the penalties he faced if convicted. (N.T., 08/11/04 (waiver colloquy), pp. 9-27.) At the conclusion of this waiver colloquy, we determined that defendant's decision to proceed without counsel was knowingly, voluntarily, and intelligently made, and we granted defendant's request.

be met by a preponderance of the evidence. See *Commonwealth v. Appel*, 547 Pa. 171, 189, 689 A.2d 891, 899 (1997). The record in this case does not evidence that defendant was incapable of waiving either his right to counsel or entering a plea.

The competency standard for evaluating a criminal defendant's ability to stand trial and his ability to waive counsel and enter a plea are the same. See *Godinez v. Moran*, 509 U.S. 389, 397-98 (1993). To be competent to stand trial, a defendant must (1) have "a rational as well as factual understanding of the proceedings against him" and (2) have a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam). Likewise, the Mental Health Procedures Act provides that a defendant is legally incompetent if he is "substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense." 50 P.S. §7402(a).

In *Godinez*, the court "rejected the notion that competence to plead guilty or to waive the right to counsel must be measured by a standard that is higher than (or even different from) the *Dusky* standard." *Indiana v. Edwards*, 128 S.Ct. 2379, 2384 (2008). The court further found that "[t]he decision to plead guilty . . . is no more complicated than the sum total of decisions that a [represented] defendant may be called upon to make during the course of a trial," and that "there is no reason to believe that the decision to waive counsel requires an appreciably higher level of mental functioning than the

decision to waive other constitutional rights." *Id.* However, "[i]n addition to determining that a defendant who seeks to plead guilty or waive counsel is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary." *Godinez,* 509 U.S. at 400. "The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the ability to understand the proceedings." *Id.* at 401 n.12. "The purpose of the 'knowing and voluntary' inquiry, by contrast, is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Id.*

In distinguishing further between competence and what is required for a knowing and voluntary waiver, the court noted that "even assuming that self-representation might pose special trial-related difficulties, the competence that is required of a defendant seeking to waive his right to counsel is the competence to *waive the right,* not the competence to represent himself." *Indiana,* 128 S.Ct. at 2384. (emphasis in original) "[A] criminal defendant's ability to represent himself has no bearing upon his competence to choose self-representation." *Godinez,* 509 U.S. at 400; see also, *Commonwealth v. Starr,* 541 Pa. 564, 585, 664 A.2d 1326, 1337 (1995). Therefore, while "a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta v. California,* 422 U.S.

806, 835 (1975). Simply put, a criminal defendant's "technical legal knowledge [is] not relevant to an assessment of his knowing exercise of the right to defend himself." *Id.* at 836.

In *Godinez,* the court's finding that the standard for measuring a defendant's competency to stand trial is the same as that for measuring his competency to enter a plea decided the case. At issue in *Godinez* was the defendant's decision to represent himself and to change his pleas from not guilty to guilty. The present case, at least ostensibly, goes one step further, asking whether a higher standard applies to measure a defendant's ability to conduct a defense at trial, as opposed to his ability to enter a plea. That is, is there a competency limitation to the right of self-representation.

In *Indiana v. Edwards,* the court held that "the constitution permits states to insist upon representation by counsel for those competent enough to stand trial under *Dusky* but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." 128 S.Ct. at 2380. In applying the principles of *Indiana* and *Godinez* to the present case, while we determined at the time of trial that defendant was mentally competent to conduct his own defense, given the limited period of defendant's self-representation and his ultimate decision to enter a plea, we find *Godinez* to be closer factually to what actually occurred in this case.

Significantly, the issue of the validity of defendant's plea was previously litigated and is binding on defendant. Moreover, defendant's plea was taken on the same day

he waived his right to counsel. Also significant is that in pretrial proceedings when defendant's competence to stand trial was questioned by his then counsel, we determined that defendant was competent to stand trial, a finding which defendant has not challenged. See order dated April 30, 2004. At that time, Dr. David G. Petkash, a diplomat in the American Board of Psychiatry and Neurology, board certified in general adult psychiatry, forensic psychiatry, addiction psychiatry, and geriatric psychiatry, credibly opined that defendant had the capacity to rationally and factually understand the nature of the proceedings against him and to rationally interact with counsel and assist in his own defense.

As importantly, if not more so, in both the waiver of counsel and plea colloquies defendant responded appropriately to the court's questions, openly acknowledged facts of which he was unaware, and disclosed that when certain questions in the written guilty plea colloquy were unclear to him, he sought standby counsel's assistance and guidance. At times, defendant asked his own questions which themselves demonstrated an understanding of what was at issue. He also requested and accepted the appointment of standby counsel to provide assistance. In opening to the jury, he responded appropriately when an objection was made by the Commonwealth.

The plea agreement which was eventually reached, and which defendant was actively involved in negotiating, was extremely beneficial to defendant. Additionally, at both the hearing on defendant's motion to withdraw his plea, and the hearing on the instant petition, standby counsel credibly testified that defendant was an intelli-

gent man who knew what he was doing. See generally, *Medina v. California*, 505 U.S. 437, 450 (1992) (observing that "defense counsel will often have the best-informed view of the defendant's ability to participate in his defense"). All of the foregoing supports our conclusion that defendant's decision to waive counsel was an informed and independent one, made knowingly and voluntarily. While we believe defendant's decision to represent himself was unwise, and so advised defendant at the time of the waiver colloquy, we continue to believe that defendant knew what he was doing and was entitled to exercise his right to represent himself at trial. Defendant has presented no evidence to the contrary. See generally, *Appel,* 547 Pa. at 188, 689 A.2d at 899 (noting that "the sensitive nature of competency determinations requires that a trial judge's conclusions be afforded 'great deference' because the judge has the opportunity to personally observe a defendant's behavior").

It must also be emphasized that defendant was represented by counsel in all pretrial and post-trial proceedings. Defendant was represented by counsel as early as March 14, 2003, when counsel filed an application for competency evaluation, and counsel continued to represent defendant through and including jury selection. Defendant opened to the jury on his own and decided after the first Commonwealth witness was called, but before extensive questioning of that witness had occurred, to enter a plea. When defendant sought to challenge this plea and have it withdrawn, separate counsel was again appointed at defendant's request. Counsel represented defendant during these post-sentence pro-

ceedings and on direct appeal, and continues to do so in the instant post-conviction collateral proceedings.

In sum, defendant's representation of himself was limited to that which occurred on August 11, 2004. While this period of self-representation was unquestionably significant, defendant does not dispute his guilt and has failed to establish any prejudice or unfairness in the proceedings. More specifically, he has failed to establish that he was so mentally incompetent that he was incapable of waiving his constitutional right to counsel or exercising his right to represent himself.

### 2) Ineffective Assistance of Standby Counsel in Entering Nolo Contendere Pleas

As already discussed, prior to pleading nolo contendere, defendant was granted permission to represent himself with the assistance of standby counsel. Again, we must be precise in defining the issue: the issue is not whether defendant was ineffective in representing himself, but whether court-appointed standby counsel was ineffective in their representation of defendant. Indeed, "[a] criminal defendant who knowingly and intelligently waives his right to counsel so that he may represent himself at trial may not later rely upon his own lack of legal expertise as a ground for a new trial." *Commonwealth v. Bryant*, 579 Pa. 119, 136, 855 A.2d 726, 736 (2004) (citing *Faretta*, 422 U.S. at 834 n.46 ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel.")); see also, *Appel*, 547 Pa. at 198, 689 A.2d at 904 ("claims of inef-

fective assistance of counsel are not cognizable during post-trial proceedings, when the defendant has previously insisted on representing himself"). To hold otherwise would make "a mockery of the judicial process and guarantee immunity from the consequences of self-representation." *Bryant,* 579 Pa. at 136, 855 A.2d at 736.[8]

Standby counsel's role in representing a defendant who insists on representing himself is limited: to assist the defendant if and when he requests assistance and to be available to represent him in the event that termination of the defendant's self-representation is necessary. See *Faretta,* 422 U.S. at 834 n.46. If defendant fails to request assistance, he cannot "bootstrap from his own failure to raise [a] claim by blaming [standby] counsel for failing to remedy his own mistake." *Bryant,* 579 Pa. at 144, 855 A.2d at 740. To impose such an obligation on standby counsel would necessarily infringe upon the defendant's right of self-representation, the converse of which is that a state cannot force a lawyer upon an accused who insists on conducting his own defense. See *Faretta,* 422 U.S. at 807. In assuming his own representation, a defendant assumes the consequences of that representation, including doing so to his own detriment: "his choice must be honored out of that respect for the individual which is the lifeblood of the law." *Faretta,* 422 U.S. at 834. Here,

---

8. On this issue, it is important to note that at the time of defendant's waiver of counsel, we specifically advised defendant that an accused who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel, and defendant indicated his understanding of this concept. (N.T., 08/11/2004 (waiver colloquy), p. 21.)

defendant knowingly, voluntarily, and intelligently waived his right to counsel; having done so, he cannot now argue his own ineffectiveness.

Turning to defendant's claim that standby counsel was ineffective, defendant is entitled to no relief. "To prevail on a claim that counsel acting in an advisory or other limited capacity has rendered ineffective assistance, a self-represented defendant must show that counsel failed to perform competently *within the limited scope of the duties assigned to or assumed by counsel." People v. Bloom,* 774 P.2d 698, 718 (Cal. 1989) (emphasis in original), *cert. denied,* 494 U.S. 1039 (1990), cited in *Bryant,* 579 Pa. at 163 n.1, 855 A.2d at 752 n.1 (Saylor, J. dissenting).

Pursuant to the PCRA, a petitioner's claim of ineffective assistance of counsel will succeed only where trial counsel's alleged ineptitude "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. §9543(a)(2)(ii). To establish this degree of ineffectiveness, the petitioner must "rebut the presumption of [counsel's] professional competence by demonstrating that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Bryant,* 579 Pa. at 136, 855 A.2d at 735-36.

Not once has defendant alleged in these post-trial proceedings, much less proven, that standby counsel's

performance undermined the truth-determining process. Defendant does not affirmatively assert his innocence. At the PCRA hearing, he claimed only that he could not remember the incidents. Defendant has not identified what counsel should have done differently or how this affected his decision to enter a plea. Defendant does not dispute that at the time of the plea colloquy it was, in fact, his intent to enter a plea. Nor does defendant dispute that the plea agreement reached was to his benefit. To the contrary, at the PCRA hearing defendant testified he knew he could have faced more time in jail, potentially the rest of his life, if he had gone through a trial.

We fail to understand how defendant was prejudiced by the conduct of standby counsel. Defendant insisted on representing himself. He negotiated a plea which was favorable to his long-term interests and he participated in a plea colloquy which demonstrated clearly that he had a full understanding of the plea and its consequences. In *Appel,* our Supreme Court held that it would "not deem counsel ineffective for respecting his or her client's wishes." 547 Pa. at 201, 689 A.2d at 906. Nor will we do so here.

## CONCLUSION

After a thorough review of the record, for the above reasons, we conclude that defendant is not entitled to relief under the PCRA on either his claim of the improper grant of permission to represent himself or his claim of ineffective assistance of standby counsel.