J-S49043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANKLIN JOHONOSON | : | |
| | : | |
| Appellant | : | No. 162 MDA 2018 |

Appeal from the Judgments of Sentence December 20, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002707-2017,
CP-36-CR-0002708-2017

BEFORE:   SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED NOVEMBER 20, 2018**

Appellant, Franklin Johonoson, appeals from the judgments of sentence[1]

entered in the Court of Common Pleas of Lancaster County, which sitting as

finder of fact in Appellant's two non-jury trials transpiring on the same day

found Appellant guilty of Driving Under the Influence, 75 Pa.C.S. § 3802, at

_____

[1] Our Supreme Court recently decided **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018), on June 1, 2018.  Citing the official note to Pa.R.A.P. 341, the **Walker** Court prospectively determined that separate notices of appeal must be filed when convictions arise from separate dockets.  However, our Supreme Court applied **Walker** prospectively from June 1, 2018, because it was "contrary to decades of case law from [the Supreme] Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, [appellate courts] seldom quashed appeals as a result." **Walker**, **supra** at 977.  Here, Appellant filed his notice of appeal on January 24, 2018, well before the Pennsylvania Supreme Court decided **Walker**.  Therefore, we will not apply **Walker** and we decline to quash Appellant's single appeal from judgments of sentence on separate dockets.

_____

\*   Former Justice specially assigned to the Superior Court.

the conclusion of each trial. Here, Appellant contends the trial court erred in denying his motion to self-represent, which he made orally to the court at the outset of his first trial. We affirm.

Appellant was charged under separate dockets with two offenses of Driving Under the Influence.[2] Represented by the Public Defender's Office, Appellant filed a pretrial motion to suppress, which the court denied following a September 22, 2017, hearing and submission of briefs on October 4, 2017. Subsequently, Appellant filed a *pro se* motion to dismiss pursuant to Pa.R.Crim.P. 600 on both dockets and a separate *pro se* motion to dismiss on one docket.

Appellant's two non-jury trials took place on December 20, 2017. At the outset of the first trial, the trial court informed Appellant and counsel it was denying Appellant's motion to dismiss that docketed case. N.T. 12/20/17, at 3, 4. The court then asked if the Commonwealth was ready to proceed, but defense counsel interrupted to alert the court of Appellant's desire to raise preliminarily "some issues" with the court. N.T. at 3. The court invited Appellant to state his matters.

---

[2] The two cases were listed under Lancaster County Docket Numbers 2707 of 2017 and 2708 of 2017, respectively. The second criminal information at docket 2708 also included charges of Driving Vehicle at Safe Speed, 75 Pa.C.S. § 3361, and Restriction on Alcoholic Beverages, 75 Pa.C.S. § 3809.

Appellant first asked about the status of the second motion to dismiss. The court explained the second motion pertained exclusively to the next case, such that the court would defer its ruling until that time.

Appellant was unclear about which motion pertained to which docket number, and he reasserted that he had a motion in front of the court, to which the court replied "Not anymore. I dismissed it – or denied it." N.T. at 5. Appellant asked either the court or counsel, "Would that be that one?", to which counsel replied, "That's the wrong docket number." N.T. at 5.

Seeking to clarify matters for Appellant, the court asked counsel to approach the bench and take the original motion "so you can review that with your client." N.T. at 5. Counsel retrieved the motion and presented it to Appellant, who reacted by stating, "And you said you didn't get this at all? You said you never got that at all? This is what I was asking you about yesterday, and you said you never received that at all yesterday." N.T. at 6.

Appellant then initiated the following exchange:

**APPELLANT:** Your Honor, I believe I'm going to represent myself, it that's possible, because there's so much going on in this case. I'd rather do that, and that way I know what's going on.

I was represented by – I don't know your name – Straszynski or something – since – for a while. But yesterday was the first day I seen the suppression motion, the briefs that you ordered by October 19th, your order dismissing. I never even knew any of that was done. I never seen any of it till yesterday.

**THE COURT:** Understanding that you were in my courtroom during the suppression hearing --

**APPELLANT:** Right.

**THE COURT:** -- so you saw that hearing being held.

**APPELLANT:** Yeah. Right. And you said that you were going to order the briefs filed, but I never seen the motion – the suppression motions. I was here for the hearing, but I never seen the motions. I never got copies of any of them.

**THE COURT:** You were here for the whole hearing, and you heard what –-

**APPELLANT:** Right.

**THE COURT:** -- the issues were.

**APPELLANT:** Right.

**THE COURT:** So you don't need to see the paper motions. You're also represented by counsel. All right. So counsel does not have to send you the briefs for your approval.

**APPELLANT:** No. I just wanted to see them to see what they were.

**THE COURT:** Well, that's not going to change any outcome. We're going to proceed with this case.

**APPELLANT:** Can I represent myself?

**THE COURT:** No. [Addressed to the Commonwealth] Go ahead. Call your first witness.

N.T., at 5-7.

The first trial ended in a guilty verdict on the DUI charge. The second trial also began with the court denying Appellant's motion to dismiss, and it ended with a guilty verdict on the DUI charge but a verdict of not guilty on the remaining two charges. The court imposed a sentence of 30 days to 6 months' incarceration in the second docketed case, as Appellant's DUI

conviction was deemed his second because of the separate DUI conviction in the first docketed case. The court imposed a 30-day to six-month term of probation for the DUI conviction in the first case, to run consecutively to the sentence imposed in the second case.

Appellant raises the following question for our consideration:

**DID THE HONORABLE TRIAL COURT ERR IN DENYING [APPELLANT'S] TIMELY AND UNEQUIVOCAL REQUEST TO PROCEED *PRO SE* PRIOR TO THE COMMENCEMENT OF MEANINGFUL PROCEEDINGS ON LANCASTER COUNTY DOCKET NUMBERS 2707 OF 2017 AND 2708 OF 2017?**

Appellant's brief, at 7.

A criminal defendant's right to counsel under the Sixth Amendment includes the concomitant right to waive counsel's assistance and proceed to represent oneself at criminal proceedings. ***Faretta v. California***, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); ***Commonwealth v. Szuchon***, 484 A.2d 1365 (Pa. 1984). The right to appear *pro se* is guaranteed as long as the defendant understands the nature of his choice.[] ***Faretta***, 422 U.S. at 835, 95 S.Ct. 2525. In Pennsylvania, Rule of Criminal Procedure 121 sets out a framework for inquiry into a defendant's request for self-representation. Pa.R.Crim.P. 121.[] Where a defendant knowingly, voluntarily, and intelligently seeks to waive his right to counsel, the trial court, in keeping with ***Faretta***, must allow the individual to proceed *pro se*. ***See Commonwealth v. Starr***, 664 A.2d 1326, 1335 (Pa. 1995) (holding that a defendant must demonstrate a knowing waiver under ***Faretta***). ***See also Commonwealth v. McDonough***, 812 A.2d 504, 508 (Pa. 2002) (concluding that ***Faretta*** requires an on-the-record colloquy in satisfaction of Pa.R.Crim.P. 121, which colloquy may be conducted by the court, the prosecutor, or defense counsel).

The right to waive counsel's assistance and continue *pro se* is not automatic however. Rather, only timely and clear requests trigger an inquiry into whether the right is being asserted knowingly and voluntarily. ***See Faretta***, 422 U.S. at 836, 95 S.Ct. 2525 (noting that the defendant sought to represent himself

by way of a clear and unequivocal declaration asserted weeks before trial). *See also Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998) (holding that a Rule 121 colloquy is required only in response to a timely and unequivocal invocation of the right to proceed *pro se*). Thus, the law is well established that "in order to invoke the right of self-representation, the request to proceed *pro se* must be made timely and not for purposes of delay and must be clear and unequivocal." *Commonwealth v. Davido*, 868 A.2d 431, 438 (Pa. 2005), *cert. denied*, 546 U.S. 1020, 126 S.Ct. 660, 163 L.Ed.2d 534 (2005).

. . .

Generally, the courts of this Commonwealth have agreed with the federal courts and those of our sister states that a request for *pro se* status is timely when it is asserted before "meaningful trial proceedings" have begun. *Commonwealth v. Jermyn*, 709 A.2d 849, 863 (Pa.1998) (noting with approval the Superior Court's reliance on *United States v. Lawrence*, 605 F.2d 1321 (4th Cir.1979)). *See Commonwealth v. Vaglica*, 673 A.2d 371, 373 (Pa.Super. 1996) (adopting "meaningful trial proceedings" standard utilized in *Lawrence*).

. . .

A request to take on one's own legal representation after meaningful proceedings have begun does not trigger the automatic constitutional right to proceed *pro se*. The decision instead is left to the sound discretion of the trial court.

*Commonwealth v. El*, 977 A.2d 1158, 1162–63, 1166 (Pa. 2009).

In *El*, the defendant waived his right to a jury trial and was represented by counsel during a pretrial suppression hearing. The court denied the defendant's suppression motion, and counsel informed the court that the defense was prepared to proceed to trial that same day, as most of the evidence would consist of the non-hearsay evidence introduced during the suppression hearing. At that moment, the defendant asked the court for

permission to represent himself at trial, but the court denied the defendant's request and commenced trial.

On appeal, the defendant complained that the trial court erred in denying him the right to proceed *pro se*. This Court affirmed judgment of sentence, finding the defendant's request was untimely, coming as it did after he had waived his right to a jury trial. As the request was untimely, we reasoned, the issue of self-representation was not a matter of right but was left to the sound discretion of the trial court, which was reasonably concerned with disruption and delay. *Id.*, at 1161-62.

The Pennsylvania Supreme Court granted the defendant's petition for allowance of appeal to address the question of whether the defendant's motion to self-represent preceded "meaningful trial proceedings" such that it qualified as timely. In a bench trial, the Court observed, "meaningful trial proceedings" begin "when a court has begun to hear motions which have been reserved for time of trial; when oral arguments have commenced; or when some other such substantive first step in the trial has begun." *Id.*, at 1165. Meaningful trial proceedings "should be 'marked by a substantive, rather than a *pro forma*, event.'" *Id*.

The trial court's resolution of the defendant's time-of-trial suppression motion and its prior acceptance of defendant's jury trial waiver constituted the beginning of such meaningful proceedings, the Supreme Court determined. Hence, the defendant's oral motion to proceed *pro se* was untimely. *Id*.

An untimely request thus becomes subject to the sound discretion of the trial court, the Court instructed, with the understanding that there may be reasons why the request, though belated, is nonetheless appropriate or necessary. *Id.*, at 1166-67. Still, a trial court may deny the request where there exists a basis for concerns that an attempt to delay and disrupt proceedings is at hand.

Even where such concerns are not evident, the court should inquire into a defendant's reasons for the request. "But inquiry is not mandatory in all instances, particularly where, as [was the case in *El*], the timeline of the proceedings and circumstances surrounding them provide ample support for denying the request to proceed *pro se*." *Id.*, at 1167.

Reviewing the record before it, the Supreme Court in *El* discerned no abuse of discretion in the denial of the motion:

> The record in this case demonstrates no . . . unreasonableness, bias, or ill will. [The defendant's] request was not merely late. His suppression motion had been resolved, his jury trial waiver had been accepted, and the admission of evidence against him was nearly complete. Under these circumstances, there was no abuse of discretion in denying Appellant's request to proceed *pro se.*

*Id.*, at 1167.

In the present matter, "meaningful trial proceedings" preceded Appellant's request to represent himself. Specifically, Appellant appeared with counsel on the morning of his scheduled trials, the trial court denied a motion to dismiss in open court, the court asked the Commonwealth if it was ready

to present its case, and Commonwealth witnesses were present and prepared to testify. While the court's denial of Appellant's motion to dismiss, alone, was the kind of "substantive event" necessary to constitute a "meaningful trial proceeding," the remaining events, when viewed in conjunction with the resolution of Appellant's motion to dismiss, reinforce the conclusion that proceedings had transcended a *pro forma* status. Accordingly, the record supports the trial court's determination that Appellant's motion to self-represent was untimely.

Moreover, the court did not abuse its discretion when it denied Appellant's request due to concerns of court delay and manipulation. Our review of the record shows the court provided Appellant the opportunity to explain why self-representation was warranted, but Appellant could not articulate a clear answer rooted in facts. At best, it appeared that a misunderstanding of counsel's duties motivated Appellant, such that the court reasonably concluded a basis for granting the request was lacking.

On this point, the trial court considered the timeline and totality of circumstances surrounding Appellant's request, and it expounded as follows:

> Long before [Appellant] made his request to proceed *pro se*, his Counsel had filed a Suppression Motion on his behalf, argued that motion, and provided a supplemental legal brief on that motion. On the morning of December 20, 2017, minutes before the bench trial for both dockets was to occur and after I had denied his *pro se* Motion to Dismiss, [Appellant] stated "I believe I'm going to represent myself, if that's possible . . . ."
>
> Moreover, the bench trial for both dockets had been scheduled since September 28, 2017. [Appellant] had almost three months

to request to proceed *pro se*. Making the request on the morning of trial could be for no other purpose than to create an unreasonable delay and to impair judicial economy. Therefore, I found that [Appellant] did not have the right to proceed pro se and allowed Defense Counsel to continue representation, which representation was competently and professionally provided.

Trial Court Opinion, 3/13/18, at 2-3. We perceive no reason to disturb the court's exercise of discretion in this regard.

For the foregoing reasons, judgment of sentence is affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2018