J-A02012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL DUPREE DUNCAN | : | |
| | : | |
| Appellant | : | No. 124 WDA 2024 |

Appeal from the Judgment of Sentence Entered January 5, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001596-2023

BEFORE:  KUNSELMAN, J., MURRAY, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: April 10, 2025**

Carl Duncan appeals from the judgment of sentence imposed after a jury found him guilty of possession with intent to deliver ("PWID") and conspiracy[1]. He claims:  counsel was ineffective during jury selection; the trial court erroneously denied him the right to self-representation; and the verdict was against the weight of the evidence.  Additionally, Duncan's counsel asked to withdraw from representation and filed a brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967).  Upon review, we deny counsel's petition with instructions.

On May 6, 2023, a Pennsylvania State Police strike force intercepted a suspicious package at a shipping facility in Erie County.  A K9 sniffed the package and identified it positive for narcotics.  Law enforcement obtained a

---

[1] 35 P.S. §§ 780-113(a)(30) and 18 Pa.C.S.A. § 903(a)(1).

search warrant allowing them to open the package. Inside was a guitar amplifier, but its weight was unusual, and it had tool markings on it. The officers opened the amplifier and found 6 kilos of cocaine.

The officers then reassembled the package with sham material and a tracking device, and delivered it to 330 East 23rd Street, Erie, Pennsylvania, as addressed. Following delivery to this address, the officers saw a female neighbor pick up the package from the residence where it was delivered and then make a phone call. Approximately twenty minutes later, they saw a black Mercedes SUV circle the block, slow down, and then stop at the address. A man with a headband got out of the vehicle and met the woman; he took the package from her and left with it.

The officers followed the Mercedes to the Courtyard Marriott hotel where a man with red sweatpants came to the Mercedes with a luggage cart, unloaded the package, and took it into the hotel. An officer stopped the Mercedes, which Duncan was driving, while another officer stopped the other man, Montez Freeland, who had taken the package into the hotel.

The officers learned that Duncan and Freeland had come up from Atlanta together; they searched the room where Freeland was staying. There, they found business cards and other documents with Duncan's name on them, along with a scale, food sealer, and repackaging material. They also found another box of the same type as the one with the cocaine, which had Duncan's name and the 23rd Street address on it. Similarly, it contained a speaker with

a hidden compartment and a vacuum sealed package of approximately $50,000 cash in it. Duncan was arrested and charged.

On October 17, 2023, jury selection commenced during which Duncan informed the trial court that he wished to represent himself.[2] After questioning Duncan, the court denied his request. The trial proceeded, and the jury found Duncan guilty.

On January 5, 2024, the trial court sentenced Duncan to an aggregate sentence of 60 to 120 months' incarceration. Duncan did not file a post-sentence motion at that time.

Duncan filed this timely appeal.[3] Duncan and the trial court complied with Appellate Rule 1925. New counsel filed an *Anders* brief with this Court and a petition to withdraw.[4] Duncan did not retain independent counsel or file a *pro se* response to the *Anders* brief.

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to

_____

[2] Duncan's trial counsel was appointed; this was his third attorney before new counsel was appointed to represent him in this appeal.

[3] On appeal, trial counsel failed to adhere to this Court's orders directing him to file a docketing statement and explain Duncan's *pro se* notice of appeal filed at another docket number. Consequently, we determined that prior counsel abandoned Duncan and remanded the matter for a *Grazier* hearing, which the trial court conducted and appointed new counsel.

[4] We note that when counsel intends to file an *Anders* brief and ask this Court to withdraw, counsel should file a statement pursuant to Rule 1925(c)(4) rather than Rule 1925(b).

withdraw. *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise [him] of [him] right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious

- 4 -

issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an *Anders* brief and a petition for leave to withdraw. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Additionally, counsel sent a letter to Duncan indicating counsel's intention to seek permission to withdraw and advising Duncan of his right to proceed *pro se* or retain new counsel and file additional points he deems worthy of the Court's consideration. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will review the issues raised by counsel to determine whether Duncan's appeal is wholly frivolous.

In the *Anders* brief, counsel indicates that Duncan wishes to raise the following three issues:

1. Did trial counsel err in failing to object when no native American individual or other person of color was on the jury?

2. Did the trial court err in failing to allow [Duncan] to represent himself at trial?

3. Was the verdict in this case against the weight of the evidence?

*Anders* Brief at 2 (excessive capitalization omitted).

In his first issue, Duncan claims that his trial counsel was ineffective. Specifically, he argues that trial counsel failed to object to the makeup of the jury on the grounds that it did not include a native American or other person of color. *Anders Brief* at 4.

- 5 -

Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. *Commonwealth v. Holmes*, 79 A.3d 563, 563 (Pa. 2013). Instead, we defer such review to petitions under the Post Conviction Relief Act[5] ("PCRA"). *Id.* However, the Pennsylvania Supreme Court has recognized three exceptions to this rule, two of which were outlined in *Holmes*. There, the Court held that ineffectiveness claims may be considered where: 1) a discrete claim (or claims) "is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice;" or 2) there is good cause shown and the defendant expressly and knowingly waived his or her right to seek PCRA review. *See id.* at 563-64. The third exception applies where a defendant is "statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018).

Upon review of the record, we conclude that there is nothing to indicate that Duncan has satisfied any of these exceptions and, therefore, his ineffectiveness claim is premature. Additionally, there is no evidentiary record from which a determination could be made. Thus, any claim of ineffectiveness must be deferred to collateral review.[6]

_____

[5] 42 Pa.C.S.A. §§ 9541-9546.

[6] Furthermore, as counsel points out, Duncan waived his right to have the judge preside over jury selection and have the proceedings transcribed. Therefore, he cannot show "whether the initial jury pool was made up of a cross section of races or [] demonstrate which jurors were stricken from the
*(Footnote Continued Next Page)*

In his second issue, Duncan claims that the trial court erred when it denied him the right to represent himself at trial. *Anders* Brief at 6.

A criminal defendant's right to counsel under the Sixth Amendment includes the concomitant right to waive counsel's assistance and proceed to represent oneself at criminal proceedings. *Faretta v. California*, 422 U.S. 806 (1975). Where a defendant knowingly, voluntarily, and intelligently seeks to waive his right to counsel, the trial court, in keeping with *Faretta*, must allow the individual to proceed *pro se*. *Commonwealth v. El*, 977 A.2d 1158, 1162–63 (Pa. 2009). In Pennsylvania, Rule of Criminal Procedure 121 sets forth areas of inquiry for the court to assess a defendant's request for self-representation.[7] *Id.* "Whether that right was violated presents a question of

---

pool, which attorney struck them, [and] what questions were asked [of] them or what their responses were." *Anders* Brief at 6. Thus, there is no basis on which Duncan can pursue this claim.

[7] Rule 121 requires that the following information be elicited from the defendant to ensure that the waiver is knowing, voluntary, and intelligent:

> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

> (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal

*(Footnote Continued Next Page)*

law, for which our review is *de novo*." ***Commonwealth v. Tighe***, 184 A.3d 560, 566 (Pa. Super. 2018) (citation omitted).

However, a defendant's right to self-representation is not automatic. ***El***, 977 A.2d at 1163. Rather, only ***timely*** and clear requests trigger an inquiry into whether the right is being asserted knowingly and voluntarily. ***Id.***; ***see Faretta***, 422 U.S. at 836 (noting that the defendant sought to represent himself by way of a clear and unequivocal declaration asserted ***weeks before*** trial). Thus, the law is well established that "in order to invoke the right of self-representation, the request to proceed *pro se* must be made timely and not for purposes of delay and must be clear and unequivocal." ***Commonwealth v. Davido***, 868 A.2d 431, 438 (Pa. 2005), *cert. denied*, 546 U.S. 1020 (2005).

_____

rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2).

Generally, a request for *pro se* status is timely when it is asserted before "meaningful trial proceedings" have begun. *El*, 977 A.2d at 1163 (citing ***Commonwealth v. Jermyn***, 709 A.2d 849, 863 (Pa. 1998)). In the context of a jury trial, proceedings become "meaningful" as soon as the selection of jurors begins. ***See Commonwealth v. Vaglica***, 673 A.2d 371, 373 (Pa. Super. 1996) (noting that the jury selection process constitutes the commencement of meaningful trial proceedings as the selection of jurors can affect trial strategy and have serious ramifications on the trial's outcome). This Court has held that when the request to proceed *pro se* is asserted after "meaningful trial proceedings have begun," it is within the discretion of the trial court to grant or deny a defendant's request for self-representation. ***Id.***

Therefore, a court must examine first whether a defendant's request for self-representation was timely. ***If so***, then the defendant is entitled to a "***Faretta*** colloquy," in accordance with Rule 121, to ascertain, on the record, whether the request to waive counsel's assistance was knowing, voluntary, and intelligent. ***El***, 977 A.2d at 1163.

Here, the trial court denied Duncan's request. The trial court concluded that Duncan's request was untimely. The court emphasized that the trial had been scheduled for at least four weeks. Additionally, jury selection had already started. N.T., 10/16/23, at 2. The court further believed Duncan made the request to delay trial by trying to remove counsel at the last minute. ***Id.*** at 5; Trial Court Opinion, 7/10/24, at 3. The court therefore found that Duncan's request was too late. N.T., 10/16/23, at 3.

Because Duncan's request was untimely, he was not entitled to a *Faretta* colloquy to comply with Rule 121. Nonetheless, the trial court also concluded that Duncan did not knowingly, voluntarily, and intelligently request self-representation. Trial Court Opinion, 7/10/24, at 3. The court found that Duncan's reasons were specious. Duncan told the court: "Right now I'm feeling like I'm being biased against because he [(trial counsel)] works for the Commonwealth. He works for the Commonwealth and you [(the Judge)] work for the Commonwealth. That's a conflict of interest in that itself alone." N.T., 10/16/23, at 4. Further, the court observed that, Duncan submitted applications seeking representation by a public defender (and had been so represented), but nonetheless, he maintained he represented himself "from the gate" and made motions to represent himself, but "they" kept appointing him counsel. Trial Court Opinion, 7/10/24, at 2 fn 1; N.T., 10/16/23, at 3-4. The court also noted that Duncan had submitted nonsensical filings and acted erratically in court. Considering all the circumstances, along with the untimeliness of Duncan's request to represent himself, the trial court concluded that Duncan did not knowingly, voluntarily, and intelligently request to represent himself. Trial Court Opinion, 7/10/24, at 3.

Based on the foregoing, we conclude that, in denying Duncan's request to represent himself, the trial court did not commit an error of law or abuse its discretion.

In his third and final issue, Duncan claims that the verdict was against the weight of the evidence as it "shocks ones' sense of justice." *Anders* Brief

at 8. Specifically, Duncan maintains that the evidence did not establish he received any illegal substances or that he intended to deliver them to anyone because there were no illegal substances in the box. Additionally, he maintains that there was no evidence to show that he and Freedman said anything to each other about conspiring to distribute drugs. *Anders* Brief at 9.

Initially, we observe that, although this issue is characterized as a weight claim, it relates, instead, to the sufficiency of the evidence.[8] *Anders* Brief at 9. The two concepts are distinct. A weight claim concedes that there is sufficient evidence, but that some facts so outweigh the others that to

---

[8] To the extent that Duncan seeks to challenge the weight of the evidence, this issue is waived. To preserve a weight of the evidence claim, an appellant must raise the claim "with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). The failure to preserve a weight claim pursuant to Rule 607 will result in waiver, even if the trial court addresses the claim in its opinion for this Court. *See Commonwealth v. Thompson*, 93 A.3d 478, 491 (Pa. Super. 2014).

Here, Duncan did not file a post-sentence motion or otherwise raise his weight claim with the trial court. Because he did not preserve this claim by raising it with the trial court, he cannot raise it now for the first time on appeal. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Therefore, Duncan waived this issue. Our decision is unaffected even though the trial court addressed it in its Rule 1925(a) opinion. Furthermore, because this issue is waived, it is frivolous under *Anders*. *See Commonwealth v. Tukhi*, 19 A.3d 881, 888-89 (Pa. Super. 2016) (citing *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

ignore them or accord them equal weight would be a miscarriage of justice. ***Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000). Additionally, our independent review further demonstrates that Duncan wishes to challenge the evidence to support elements of each crime, which goes to the sufficiency of the evidence. This is consistent with trial counsel's oral motion for judgment of acquittal at sentencing. Counsel essentially argued that the evidence was insufficient to establish that Duncan possessed the cocaine, versus attempted to possess, because the drugs were confiscated by the police and replaced with sham material before they reached Duncan.[9] However, the Commonwealth only charged Duncan with PWID and conspiracy to PWID. N.T., 1/5/24, at 12-13. The court, however, suggested that counsel file a post-sentence motion to address the matter, but he did not.

Additionally, Duncan filed a *pro se* motion for arrest of judgment on January 22, 2024, claiming he had "a right to challenge evidence."[10] Although this was untimely filed, and, was also a nullity, as Duncan was represented by counsel, this motion suggests Duncan wanted to challenge the sufficiency of the evidence, which trial counsel previously raised.

_____

[9] We also note that the fact that the box Duncan received contained sham material, and the way Duncan was charged, was the topic of some discussion and research after the jury asked, "are cocaine and sham considered the same in the law." N.T., 10/18/23, at 50-53.

[10] A motion for an arrest of judgment concerns the sufficiency of the evidence. ***Commonwealth v. Chambers***, 310 A.3d 76, 89 (Pa. 2024); ***Commonwealth v. Marquez***, 980 A.2d 145, 48 (Pa. Super. 2009) (*en banc*).

Therefore, counsel misstated Duncan's issue as a weight claim and not a sufficiency claim. Because counsel did not consider or address a sufficiency of the evidence claim regarding either the PWID or conspiracy convictions, we deny counsel's motion to withdraw. Instead, we direct counsel to address both these sufficiency issues (PWID-was there sufficient evidence that he possessed the drugs, and conspiracy-was there sufficient evidence of an agreement), either in an **Anders** brief or in an advocate's brief, within thirty days of the date of this order. The Commonwealth may file a reply within 30 days of Duncan's filing.[11]

Petition to withdraw denied. Panel jurisdiction retained.

---

[11] Additionally, if counsel files another **Anders** brief, Duncan may file a response within 30 days, either *pro se* or through new counsel.