J. S25010/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ERIC JOHN LESLIE, | : | No. 709 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, December 8, 2014,
in the Court of Common Pleas of Elk County
Criminal Division at No. CP-24-CR-0000278-2014

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED SEPTEMBER 19, 2016**

Eric John Leslie appeals[1] ***pro se*** from the December 8, 2014 judgment

of sentence of 36 to 72 months' imprisonment imposed after he pled guilty

to one count of burglary.[2]  Having found that the trial court failed to ensure

that appellant intelligently, knowingly, and voluntarily waived his right to

counsel prior to proceeding ***pro se*** on his post-sentence motion, we remand

this matter so that a hearing can be conducted in accordance with

***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

---

[1] Although ***pro se*** appellant purports to appeal from the order denying his
post-trial motion to modify his sentence, the appeal properly lies from the
judgment of sentence.  ***See Commonwealth v. Shamberger***, 788 A.2d
408, 410 n.2 (Pa.Super. 2001) (***en banc***), ***appeal denied***, 800 A.2d 932
(Pa. 2002) (stating that in criminal action, an appeal properly lies from the
judgment of sentence made final by denial of post-trial motions).

[2] 18 Pa.C.S.A. § 3502.

The relevant facts and procedural history of this case were set forth in our prior judgment order, as follows:

By criminal complaint filed June 9, 2014, [appellant] was charged with burglary, 18 Pa.C.S.A. [§] 3502(a)(2), a felony of the first degree; theft by unlawful taking or disposition, 18 Pa.C.S.A. [§] 3921(a), a felony of the second degree; and receiving stolen property, 18 Pa.C.S.A. [§] [3925(a)], a felony of the second degree. All of the charges were filed as a result of an incident on June 2, 2014, at the residence of Lori Dowie at [], Fox Township, Elk County, Pennsylvania.

After his arrest and preliminary arraignment, [appellant] retained Attorney Jeffrey S. DuBois. . . . [Appellant] [] appeared before the [trial c]ourt on December 8, 2014, at which time a negotiated disposition was presented to the [trial c]ourt. As a result, [appellant] entered a guilty plea to burglary and was sentenced to a period of incarceration of not less than 36 months nor more than 72 months at the State Diagnostic and Classification Center at Pittsburgh, with a time-served credit of 76 days. The December 8, 2014 sentencing order was docketed on December 12, 2014, and thereafter [appellant] filed a timely [**pro se**] post-sentence motion on December 19, 2014, sounding primarily in claims which asserted that his attorney was ineffective and that a presentence investigation report was mandated.

. . . .

> At the time of the February 23, 2015 hearing, the testimony of Attorney Jeffrey DuBois and [appellant's] mother, Debra Jean Leslie, was presented and documentary evidence was introduced. Pre- and post-hearing memorand[a] were also submitted or filed. On April 17, 2015, th[e trial c]ourt entered a discussion and its order by which [appellant's] post-sentence motion was denied. On May 1, 2015, [appellant] filed the pending timely notice of appeal and thereafter filed a statement of concise matters complained of on appeal.

Trial court opinion, 9/3/15 at 1-2 (citations omitted).

> During the February 23, 2015 hearing on appellant's post-sentence motion, the trial court granted Attorney DuBois's oral motion to withdraw as appellant's counsel. (**See** notes of testimony, 2/23/15 at 32.) Appellant represented himself throughout the duration of the hearing.

**Commonwealth v. Leslie**, 2016 WL 1545544, at \*1 (Pa.Super. April 15, 2016) (unpublished judgment order) (footnote omitted; some brackets added).

On April 15, 2016, this court remanded this matter to the trial court in order to determine whether "appellant's decision to waive his right to counsel and proceed with his post-sentence motion **pro se** was a knowing, intelligent, and voluntary decision pursuant to **Grazier**." **Leslie**, 2016 WL 1545544, at \*2. On April 21, 2016, the trial court entered an order directing that the February 23, 2015 hearing on appellant's post-sentence motion be transcribed and made a part of the certified record. Thereafter, on June 1,

2016, the trial court appointed George N. (Jim) Daghir, Esq. ("Attorney Daghir") to represent appellant in this matter.

"Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution." *Commonwealth v. Phillips*, 93 A.3d 847, 851 (Pa.Super. 2014) (citation omitted). "Where a defendant knowingly, voluntarily, and intelligently seeks to waive his right to counsel, the trial court . . . must allow the individual to proceed *pro se*." *Commonwealth v. El*, 977 A.2d 1158, 1162-1163 (Pa. 2009) (citation omitted). Pursuant to Pennsylvania Rule of Criminal Procedure 121, the trial court is required to examine the following six areas on the record to determine whether a defendant is making a knowing, voluntary, and intelligent waiver:

> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
>
> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
>
> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
>
> (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e)     that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f)     that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2).

The trial court must further inquire "about the defendant's age, educational background, and basic comprehension skills." *Phillips*, 93 A.3d at 853 (citation omitted). We will review "the totality of the relevant circumstances only after we decide the trial court has met the minimum requirements of Rule 121, to determine whether the defendant's waiver of the constitutional right to counsel was a knowing, voluntary, and intelligent waiver." *Id.* at 854 (citation omitted).

Instantly, it remains unclear whether appellant's decision to proceed *pro se* on his post-sentence motion at the February 23, 2015 hearing was a knowing, intelligent, and voluntary decision. Our review of the February 23, 2015 hearing transcript reveals that the trial court failed to conduct a proper colloquy of appellant examining the six factors set forth in Rule 121. Notably, the Commonwealth concedes in its brief that "[a]ppellant may not have properly waived the assistance of counsel at the time of [the] hearing

on post-sentence motion as a waiver to the right [of] counsel must be done knowingly, intelligently and voluntarily." (Commonwealth's brief at 8.)

Accordingly, we once again remand this matter for 30 days to the trial court to conduct a hearing in accordance with *Grazier* to determine if appellant knowingly, intelligently, and voluntarily waived his right to counsel.

Case remanded. Jurisdiction retained.

Judge Mundy did not participate in the consideration or decision of this case.