J-S79021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAMS DANIELS | : | |
| | : | |
| Appellant | : | No. 1134 MDA 2018 |

Appeal from the Judgment of Sentence Entered February 7, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0002202-2016

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED: JANUARY 30, 2019**

Appellant, William Daniels, appeals from the judgment of sentence entered on February 7, 2018 in the Criminal Division of the Court of Common Pleas of Franklin County.  We affirm.

At the conclusion of trial on January 12, 2018, a jury found Appellant guilty of kidnapping (18 Pa.C.S.A. § 2901(a)(3)), reckless endangerment (18 Pa.C.S.A. § 2705), and firearms not to be carried without a license (18 Pa.C.S.A. § 6106(a)(1)).[1]  On February 7, 2018, the trial court imposed an aggregate sentence of not less than 78 months to no more than 180 months' incarceration.

With the express permission of the trial court to file a post-sentence motion *nunc pro tunc*, Appellant requested post-sentence relief on March 7,

---

[1] The jury acquitted Appellant of aggravated assault, 18 Pa.C.S.A. § 2702(a)(4).

2018.  ***See Commonwealth v. Dreves***, 839 A.2d 1122 (Pa. Super. 2003) (*en banc*).  The court denied Appellant's request for relief on June 4, 2018 and Appellant filed a notice of appeal on June 26, 2018.  Thereafter, on July 2, 2018, the trial court directed Appellant to file a concise statement of errors complained of on appeal.  ***See*** Pa.R.A.P. 1925(b).  After two extensions, Appellant timely complied on August 17, 2018.

Appellant raises the following claim in his brief:

Whether the [t]rial [c]ourt abused its discretion by reappointing counsel for [Appellant] mid-trial, thereby refusing to honor [Appellant's] assertion of his right to represent himself during the entire trial?

Appellant's Brief at 5.

By way of background relevant to the issue Appellant raises on appeal, the record shows that the parties appeared before the court for a pretrial conference on January 4, 2018.  At that time, Appellant requested that appointed counsel be permitted to withdraw and that the court allow Appellant to represent himself at trial.  The court conducted a colloquy of Appellant both orally and in writing and Appellant executed a written waiver of counsel form pursuant to Pa.R.Crim.P. 121.  Accordingly, the court permitted counsel to withdraw though he was appointed to serve as stand-by counsel for Appellant at trial.

During the first day of trial, the court observed that Appellant was either unable or unwilling to question witnesses in conformity with the rules of

evidence and that he otherwise experienced great difficulty in presenting the evidence to the jury. In view of these assessments, the court terminated Appellant's right to represent himself and directed stand-by counsel to resume his position as counsel for Appellant. On appeal, Appellant maintains that the trial court erred or abused its discretion in re-appointing stand-by counsel to represent Appellant midtrial.

This Court recently summarized the scope and nature of a criminal defendant's constitutional right to self-representation.

> In **Faretta v. California**, 422 U.S. 806[ (Pa. 1975)], the United States Supreme Court recognized that the Sixth Amendment right to counsel implicitly includes the right to self-representation, which applies to the States through the Fourteenth Amendment's guarantee of due process of law. Pennsylvania has recognized the same right under Article I, Section 9 of the Pennsylvania Constitution. **See Commonwealth v. Szuchon**, [484 A.2d 1365 (Pa. 1984)]. The denial of the right to proceed *pro se* cannot be harmless, and a violation requires a new trial. **See Commonwealth v. Starr**, [664 A.2d 1326, 1334–1335 (Pa. 1995)] (*citing* **McKaskle v. Wiggins**, 465 U.S. 168, 177 n.8 [(1984)]. Whether that right was violated presents a question of law, for which our review is *de novo*. **See Commonwealth v. El**, 933 A.2d 657, 662 (Pa. Super. 2007), aff'd, [] 977 A.2d 1158 (Pa. 2009)[.]

**Commonwealth v. Tighe**, 184 A.3d 560, 566 (Pa. Super. 2018), *appeal granted*, 195 A.3d 850 (Pa. 2018).

Appellant argues that the trial court violated his right of self-representation when it directed stand-by counsel to resume his representation of Appellant in light of Appellant's conduct at trial. In advancing this claim, Appellant suggests that the limits on stand-by counsel's

participation at trial without the consent of the *pro se* defendant is an open question in Pennsylvania. Although we have not located a Pennsylvania case that addresses the precise claim before us, we find the United States Supreme Court's decision in **McKaskle** helpful in resolving this issue.

In **McKaskle**, the Court held that the primary focus in determining whether a defendant's right under **Faretta** have been respected must be on whether the defendant had a fair chance to present his case in his own way. The **McKaskle** Court, however, also observed that **Faretta**'s "logic … indicate[s] that no absolute bar on standby counsel's unsolicited participation is appropriate or was intended." **McKaskle**, 465 U.S. at 176. **McKaskle** itself suggested circumstances under which the right to self-representation may be terminated because of the defendant's conduct at trial:

> A defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure. Nor does the Constitution require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course. **Faretta** recognized as much. "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." **Faretta**, 422 U.S. at 834 n.46.

> Accordingly, we make explicit today what is already implicit in **Faretta**: A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel-even over the defendant's objection-to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it

somewhat undermines the ***pro se*** defendant's appearance of control over his own defense.

***McKaskle***, 465 U.S. at 183-184.

The comments to Rule 121 (Waiver of Counsel) of the Pennsylvania Rules of Criminal Procedure reflect the view that the trial court retains authority to reappoint stand-by counsel to assume control of the defense where the defendant's conduct necessitates termination of the right to self-representation. In relevant part, the comments state:

> With respect to trials in court cases, when the defendant waives the right to counsel and elects to proceed *pro se*, it is generally advisable that standby counsel be appointed to attend the proceedings and be available to the defendant for consultation and advice. ***See Commonwealth v. Africa***, 353 A.2d 855 (Pa. 1976). This is particularly true in cases expected to be long or complicated, or in which there are multiple defendants. ***See*** ABA Standards, The Function of the Trial Judge § 6.7 (Approved Draft 1972). **The ability of standby counsel to assume control of the defense will minimize delay and disruption of the proceedings in the event that the defendant's self-representation terminates, *e.g.*, either because such termination becomes necessary as a result of the defendant's unruly behavior, or because the defendant seeks to withdraw the waiver and be represented by counsel**.

Pa.R.Crim.P. 121, cmt (emphasis added).

We have carefully reviewed the trial transcript in this matter. Based upon our review, we conclude that the court did not err or abuse its discretion in terminating Appellant's right to proceed on his own behalf before the jury. The transcript is replete with examples demonstrating Appellant's complete lack of understanding and familiarity with the basic rules of procedure and

evidence, the filing and presentation of motions, the examination of witnesses, the use of objections at trial, the methods of securing eyewitness appearances at trial, and several other protocols relating to criminal trials and pretrial proceedings. *See*, *e.g.*, N.T. Trial, 1/11/18, at 70-73, 75-78, 114-125, and 152-157. Because Appellant's conduct at trial necessitated the termination of his right to proceed *pro se*, the trial court did not violate his right of self-representation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/30/2019