977 A.2d 1158

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Khaddfi EL, Appellant.**

Supreme Court of Pennsylvania.

Submitted Feb. 18, 2009.

Decided Aug. 20, 2009.

128

130

Lester Roy Zipris, Ellen T. Greenlee, Thomas C. Gray, Karl Baker, and Peter Rosalsky, Defender Ass'n of Philadelphia, for El Khaddfi.

Hugh J. Burns, Jr., Philadelphia District Attorney's Office, for Com. of PA.

Before: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, GREENSPAN, JJ.

*OPINION*

Justice GREENSPAN.

This appeal concerns a criminal defendant's request to represent himself at trial and the trial court's obligations in resolving such requests. We affirm.

In October 2005, Philadelphia Police observed Appellant Khaddfi El conduct a cocaine transaction on the street. Appellant was arrested on drug charges and a non-jury trial was scheduled for November 14, 2005. Appellant, asserting that police lacked probable cause, filed a motion to suppress cocaine and money seized from him at the time of his arrest. Following several requests for continuances, the suppression motion and trial were set for March 7, 2006. Appellant appeared in court with counsel on that date and proceedings began with a hearing on the suppression motion.

Philadelphia Officer Joseph McCauley testified that he and fellow Officer Moresca, both narcotics agents, regularly conducted drug investigations in the area in which Appellant was arrested. Officer McCauley explained that the drug trade in the neighborhood was rampant and that he had participated in over 100 narcotic surveillances and numerous drug arrests there. On the night in question, he observed Appellant and another person standing in the rain in an alley. Officer McCauley watched as the individual handed Appellant cash and Appellant retrieved a small plastic bag from his waistband. When the officers approached, Appellant shoved the bag back into his pants and attempted to flee. Police apprehended Appellant and recovered the plastic bag, which contained eight packets of cocaine. Police also recovered $82.00 in cash from Appellant.

In support of suppression, Appellant argued that the officers lacked probable cause to arrest, making the subsequent search and seizure unlawful. The Commonwealth countered that Appellant's telling conduct, as well as the neighborhood's widespread drug activity and the officers' extensive experience investigating narcotics combined to establish probable cause.

The trial court agreed with the Commonwealth and denied the motion to suppress.

Once the trial judge announced his ruling on suppression, Appellant's counsel informed the court that the defense was ready to proceed to trial. At this point, Appellant had already completed a written waiver of his right to a jury trial. The trial court then commenced with an oral colloquy to confirm Appellant's desire and willingness to waive his right to a jury trial and proceed with a bench trial. Appellant's counsel conducted the colloquy and Appellant confirmed, on the record, his intention to waive his right to a jury trial and his understanding of the ramifications of such a decision. Immediately after the jury waiver colloquy, defense counsel asked the court if it was satisfied with the colloquy. Appellant interrupted and announced to the court that he wished to know if he could represent himself at trial. The trial court responded that Appellant was to participate with his attorney. The following exchange took place:

Defense Counsel: You satisfied, Your Honor[?]

The Court: Yes.

[Appellant]: I want to know if I can represent myself at my trial.

The Court: No. You participate with your counsel.

[Appellant]: Is that not my right?

The Court: You can consult with your counsel. Waive arraignment.

Defense Counsel: Waive arraignment, enter a plea of not guilty.

Notes of Testimony ("N.T.") 3/7/06 at 18.

Trial proceeded immediately and the Commonwealth incorporated into the trial record all non-hearsay testimony from the suppression hearing. The parties placed stipulations on the record. With the exception of admitting some exhibits, the Commonwealth offered no additional evidence, testimonial or otherwise. Appellant presented no evidence in defense. As noted by Appellant in his brief, "[t]he ensuing trial, including closing arguments, comprised slightly more than three

pages in the notes of testimony." Appellant's Brief at 5. The trial judge found Appellant guilty of possession of cocaine with intent to deliver and knowing possession of cocaine.

On appeal to the Superior Court, Appellant asserted that the trial court erred in denying suppression and further erred in denying him the right to proceed pro se. Appellant sought a new trial on both bases. With regard to Appellant's self-representation claim, the Commonwealth argued that Appellant's request was neither timely nor unequivocal, thus he was not entitled to relief. The Commonwealth further argued that Appellant waived the claim because he did not properly preserve it at time of trial. In its Pa.R.Crim.P. 1925(a) opinion, the trial court stated that Appellant sought to represent himself only after his motion to suppress was unsuccessful and that the request constituted "inappropriate gamesmanship." Trial Court Opinion 1/11/07 at 3.

The Superior Court affirmed the judgment of sentence. It held that Appellant's request to proceed pro se was untimely, coming as it did after Appellant had waived his right to a jury trial. The untimely nature of the request, reasoned the Superior Court, left the issue of self-representation to the trial court's sound discretion. Concluding that there had been no abuse of discretion on the trial court's part, the Superior Court denied Appellant relief on this issue.[1] In concluding that the pro se request was untimely, the panel broadly stated that "[r]equiring trial courts to honor every pro se request after the jury-waiver colloquy would create disruptions and delay, thus frustrating judicial economy." *Commonwealth v. El*, 933 A.2d 657, 663 (Pa.Super.2007).

We granted review in this case and limited the inquiry to the following issues:

1) Is a criminal defendant's request to represent himself or herself timely where the defendant makes the request after the denial of a pre-trial motion and just prior to commencement of a bench trial?

---

**1.** The Superior Court also concluded that there was probable cause to arrest and search Appellant, making suppression unwarranted. That issue is not a subject of this appeal.

2) At a bench trial, where a defendant has indicated his or her readiness to proceed pro se, is it an abuse of discretion to deny the pro se request without conducting a colloquy as required by Pa.R.Crim. P. 121(C)?

A criminal defendant's right to counsel under the Sixth Amendment includes the concomitant right to waive counsel's assistance and proceed to represent oneself at criminal proceedings. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Commonwealth v. Szuchon*, 506 Pa. 228, 484 A.2d 1365 (1984). The right to appear pro se is guaranteed as long as the defendant understands the nature of his choice.[2] *Faretta*, 422 U.S. at 835, 95 S.Ct. 2525. In Pennsylvania, Rule of Criminal Procedure 121 sets out a framework for inquiry into a defendant's request for self-representation. Pa.R.Crim.P. 121.[3] Where a defendant

**2.** Recently, the United States Supreme Court clarified the *Faretta* standard as applied to criminal defendants who suffer from some form of mental illness, but are nonetheless competent to stand trial. *Indiana v. Edwards*, — U.S. —, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008). The question was whether the trial judge could deny a defendant's request to proceed pro se where the judge determined that the defendant's mental illness (schizophrenia), while not affecting his competency to stand trial, nonetheless precluded him from adequately representing himself. The Court held that the judge had such authority, concluding that "the Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so. States [may] insist upon representation by counsel for those competent enough to stand trial but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." *Id.* at —, 128 S.Ct. at 2387–88. The issue in *Indiana v. Edwards* is not relevant in this appeal.

**3.** Rule 121 requires that the following information be elicited from the defendant to ensure that the waiver is knowing, voluntary, and intelligent:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

knowingly, voluntarily, and intelligently seeks to waive his right to counsel, the trial court, in keeping with *Faretta,* must allow the individual to proceed pro se. *See Commonwealth v. Starr,* 541 Pa. 564, 664 A.2d 1326, 1335 (1995) (holding that a defendant must demonstrate a knowing waiver under *Faretta* ). *See also Commonwealth v. McDonough,* 571 Pa. 232, 812 A.2d 504, 508 (2002) (concluding that *Faretta* requires an on-the-record colloquy in satisfaction of Pa.R.Crim.P. 121, which colloquy may be conducted by the court, the prosecutor, or defense counsel.)

■■■■ The right to waive counsel's assistance and continue pro se is not automatic however. Rather, only timely and clear requests trigger an inquiry into whether the right is being asserted knowingly and voluntarily. *See Faretta,* 422 U.S. at 836, 95 S.Ct. 2525 (noting that the defendant sought to represent himself by way of a clear and unequivocal declaration asserted weeks before trial). *See also Commonwealth v. Grazier,* 552 Pa. 9, 713 A.2d 81, 82 (1998) (holding that a Rule 121 colloquy is required only in response to a timely and unequivocal invocation of the right to proceed pro se). Thus, the law is well established that "in order to invoke the right of self-representation, the request to proceed pro se must be made timely and not for purposes of delay and must be clear and unequivocal." *Commonwealth v. Davido,* 582 Pa. 52, 868 A.2d 431, 438 (2005), *cert. denied,* 546 U.S. 1020, 126 S.Ct. 660, 163 L.Ed.2d 534 (2005).

We examine first whether Appellant's request for self-representation was a timely one. If it was, Appellant was entitled to a *"Faretta* colloquy," in satisfaction of Rule 121, to ascertain on the record whether his request to waive counsel's assistance was knowing, voluntary, and intelligent. Generally,

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.
Pa.R.Crim.P. 121(A)(2).

the courts of this Commonwealth have agreed with the federal courts and those of our sister states that a request for pro se status is timely when it is asserted before "meaningful trial proceedings" have begun. *Commonwealth v. Jermyn*, 551 Pa. 96, 709 A.2d 849, 863 (1998) (noting with approval the Superior Court's reliance on *United States v. Lawrence*, 605 F.2d 1321 (4th Cir.1979)). *See Commonwealth v. Vaglica*, 449 Pa.Super. 188, 673 A.2d 371, 373 (1996) (adopting "meaningful trial proceedings" standard utilized in *Lawrence* ). *See also Horton v. Dugger*, 895 F.2d 714, 717 (11th Cir.1990) (collecting federal and state cases). In the context of a jury trial, the consensus is that proceedings become "meaningful" as soon as the selection of jurors begins. *See Vaglica, supra* (noting variety of circuits that deem the jury selection process as the commencement of meaningful trial proceedings).

To date, the "meaningful trial proceedings" question has not been squarely resolved in the context of a bench trial. Here, the Superior Court concluded that there was little difference between "the decision of which jurors to select" and the "decision of whether to have the trial court act as jury." *El*, 933 A.2d at 663. As a result, the panel reasoned, meaningful trial proceedings began the moment Appellant waived his right to trial by jury. Appellant's request for self-representation came after this event, making it untimely.

The Commonwealth reiterates the Superior Court's analysis and refers us to *Commonwealth v. Dowling*, 598 Pa. 611, 959 A.2d 910 (2008), as instructive. In *Dowling*, this Court interpreted the rule that permits a jury trial waiver to be withdrawn "at any time before the commencement of trial." Pa. R.Crim. P. 621(B). The appellant in *Dowling* had signed a written waiver and participated in an on-the-record colloquy, after which the trial judge determined that his waiver of a jury trial was knowing, voluntary, and intelligent. The court proceeded to opening statements, which both attorneys waived. The Commonwealth then requested that witness testimony begin the following day and the trial court agreed to "pick up in the morning." *Dowling*, 959 A.2d at 912. On the following day, immediately before the Commonwealth called

its first witness, the appellant announced that he wished to withdraw his jury trial waiver and proceed with a jury trial. *Id.*

In asserting that the trial had not yet commenced, the appellant in *Dowling* argued that the inquiry should focus on when jeopardy attached, which in the event of a bench trial is when the first witness is sworn. *Id.* at 914. As a result, the appellant maintained, withdrawal remained permissible under the Rule. But this Court rejected that analysis. Instead, this Court looked to the language of another rule, Pa.R.Crim.P. 600 (the "speedy trial" rule), which involves similar concerns regarding when a trial begins and which includes in its Comment a definition of when trial commences:

A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire or to opening argument, or to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony, or to some other such first step in the trial. It is not intended that preliminary calendar calls should constitute commencement of a trial.

*Dowling,* 959 A.2d at 913 (quoting Comment to Pa.R.Crim.P. 600).

Because it was clear that the parties in *Dowling* had been directed to proceed to opening argument, and had chosen to decline the opportunity and proceed with the trial, this Court concluded that the trial indeed had commenced.[4] *Id.* at 915. As a result, this Court held that the trial court properly denied the appellant's untimely request to withdraw his jury trial waiver.

The Commonwealth argues that *Dowling* should guide the decision in this case because both matters involve Sixth Amendment rights, both involve the potential danger for manipulation and delay, and in both instances "the substance of what occurred in the courtroom" indicates that trial proceedings had begun. Appellant, on the other hand, insists

4. This Court reasoned that counsels' waiver of the opportunity to make an opening statement was the constructive equivalent of presenting such a statement. *Dowling,* 959 A.2d at 915.

that *Dowling* is not an apt analogy.[5] Appellant argues that the "do-over" of trial events required in a *Dowling* scenario is significant, and includes not only the time consuming process of selecting a jury, but also the opportunity to give opening statements, which in *Dowling* already had been requested by the court and waived by counsel. Appellant insists that permitting the exercise of self-representation in this case (and others like it) would present no such "duplication" of trial proceedings because Appellant could simply "pick up where defense counsel left off." Appellant's Reply Brief at 8.

██ The similarities between *Dowling* and this case are evident. Most significant is the fact that with both the right to a jury trial and the right to self-representation, there exists the potential danger of a defendant using the right to manipulate or delay proceedings. *See Dowling*, 959 A.2d at 915 (articulating concerns of manipulation, delay, and an adverse impact on judicial efficiency when a defendant seeks a late withdrawal of his jury trial waiver); *Jermyn*, 709 A.2d at 863 (noting concerns regarding disruptions, inconvenience, and delay when a defendant seeks to assert his right to self-representation in an untimely manner) (citations omitted). Indeed, the very basis for requiring a timely and unequivocal assertion of the right to proceed pro se is to avoid manipulation and delay. *See Commonwealth v. Treiber*, 582 Pa. 646, 874 A.2d 26, 32 (2005), *cert. denied*, 547 U.S. 1076, 126 S.Ct. 1783, 164 L.Ed.2d 528 (2006); *Davido*, 868 A.2d at 438 (relying on numerous federal appellate cases that are consistent with the purpose of the *Faretta* timeliness requirement).

██ Here, through the process of incorporation from the motion into the trial, nearly every piece of evidence to be presented by the Commonwealth (and in fact all testimonial evidence) already had been presented by the time Appellant made his request to proceed pro se. A verdict was literally minutes away. Thus, to characterize Appellant's request as coming *before* the commencement of meaningful trial proceedings is simply incorrect.

5. *Dowling* was decided after Appellant filed his initial brief in this case.

■ While this Court's holding in *Dowling* is not controlling, its rationale is persuasive. The *Dowling* Court held that in the context of the right to a trial by jury, trial commences "when a court has begun to hear motions which have been reserved for time of trial; when oral arguments have commenced; or when some other such substantive first step in the trial has begun." *Dowling*, 959 A.2d at 915. We hold that these same events constitute the beginning of "meaningful trial proceedings" in the context of the right to self-representation. Just as this Court observed in *Dowling*, we likewise observe that meaningful trial proceedings should be "marked by a substantive, rather than a pro forma, event." *Id.* (citations omitted).

Because Appellant's time-of-trial motion had been litigated and resolved, and because he had both orally and in written form waived his right to a jury trial, meaningful trial proceedings had commenced in his case. As a result, his subsequent request for self-representation was untimely and he was not entitled to the protection set out in *Faretta*.

■ Appellant insists that even if we determine that his request to proceed pro se was untimely, he nonetheless is entitled to a new trial under the abuse of discretion standard that applies to untimely requests for self-representation. Appellant concedes that a late request—one that is asserted after meaningful trial proceedings have begun—is subject to the sound discretion of the trial court. The trial court's abuse of discretion is plain in this case, claims Appellant, because the court asked no questions of him when he sought to represent himself.

■ Appellant correctly recites the law with respect to an untimely request for self-representation. A request to take on one's own legal representation after meaningful proceedings have begun does not trigger the automatic constitutional right to proceed pro se. The decision instead is left to the sound discretion of the trial court. *Davido*, 868 A.2d at 438 (relying on *Grazier, supra*). Neither *Faretta* nor Rule 121, which codifies the rights mandated in *Faretta*, is relevant unless and until the trial court in its discretion determines

that the defendant should be permitted to pursue self-representation. *See Davido, supra. See also Treiber,* 874 A.2d at 32; *Jermyn,* 709 A.2d at 863; *Commonwealth v. Owens,* 496 Pa. 16, 436 A.2d 129, 133 n. 6 (1981).[6]

Appellant argues that even if a *Faretta* /Rule 121 colloquy is not required because of the late nature of a pro se request, some inquiry always is necessary before the court can issue a ruling. Appellant suggests that at the very least the court should inquire into why the defendant wishes to represent himself and why he waited to make his request until after meaningful trial proceedings had begun. Appellant's Brief at 25. Unless the court ascertains this crucial information, reasons Appellant, there can be no basis for the court's exercise of discretion.

The Commonwealth responds that in this case no inquiry was necessary because the trial court "had more than adequate tools for the task" of ruling on Appellant's request. Appellee's Brief at 18. Among other things, the Commonwealth notes that the trial court had the opportunity to observe Appellant with his counsel both at time of trial and at

6. Thus, the second question we certified for review, whether Rule 121(C) requires the trial court to conduct a colloquy where a defendant indicates his readiness to proceed pro se at a bench trial, must be answered in the negative under these facts. The structure of Rule 121, as well as the Comment thereto, demonstrate that subsection (A), titled "Generally," sets out a criminal defendant's right pursuant to *Faretta* and lists the information that the court must elicit from the defendant, *i.e.,* the substance of the colloquy. Subsections (B) and (C) are not independent bases for the grant of a *Faretta* colloquy. They merely provide the mechanism by which such colloquy is delivered and memorialized. *See* Pa.R.Crim.P. 121(B) (providing that the waiver of counsel in a summary case or for a preliminary hearing be in writing and signed by both the defendant and the issuing authority); Pa.R.Crim.P. 121(C) (providing that where the waiver of counsel occurs after a preliminary hearing, it is the judge who shall ascertain, on the record, a defendant's knowing, voluntary, and intelligent waiver). *See also* Comment to Rule 121 ("Paragraph (A) recognizes that the right to self-representation is guaranteed by the sixth amendment to the Federal Constitution when a valid waiver is made, *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)"). As we held in *Grazier,* a Rule 121 colloquy is required only in response to a timely and unequivocal invocation of the right to proceed pro se. 713 A.2d at 82. Because Appellant's request was untimely, a Rule 121 colloquy was not mandatory, but was instead left to the trial court's discretion.

prior listings, that the court was familiar with counsel's representation of Appellant, and that Appellant had never expressed any dissatisfaction with counsel. Most significantly, argues the Commonwealth, the trial court was aware that at the time Appellant made his request, the trial itself was nearly over.[7]

 The Superior Court appears to have concluded that where a criminal defendant has waived his right to a jury trial, the right to proceed pro se may be denied. *Commonwealth v. El*, 933 A.2d at 663 ("Requiring trial courts to honor every pro se request after the jury-waiver colloquy would create disruptions and delay, thus frustrating judicial economy"). To the extent the panel's opinion stands for the broad proposition that *every* request for self-representation is per se disruptive if made after a jury trial waiver, we reject it. There may be valid reasons why self-representation is appropriate or necessary, despite the fact that a defendant has indicated his willingness to proceed with a bench trial. While the competing concern to avoid delay and disruption is very real, the trial court should have some basis for concluding that such concerns are present. Where such concerns are not

7. We observe that the Commonwealth also argues that Appellant waived his request because he failed to ask for further inquiry of any kind from the trial court. Appellant insists that he did all he could do to seek self-representation and that it is unreasonable to expect a criminal defendant to insist that a trial judge conduct a further inquiry once the defendant makes his request and the judge rules on it definitively, as the judge in this case did. Appellant further claims that this Court's decision in *Davido* makes it clear that Appellant was not obligated to ask the trial court to inquire further into the reason for his request. In *Davido*, this Court held that counsel's failure to request a colloquy under *Faretta* did not constitute ineffective assistance of trial counsel as the duty to secure a valid waiver of the right of counsel pursuant to Rule 121 rested with the trial judge. *Davido*, 868 A.2d at 437–38. The Commonwealth does not assert trial counsel's ineffectiveness here; rather, it argues that Appellant himself had an obligation to make his request clear and to seek further inquiry by the court. We agree that *Davido* is not controlling on this issue. While it does not appear from the record that Appellant pursued his request after the trial court denied it, we decline to resolve the issue on this basis. As our analysis *infra* demonstrates, the trial court simply did not abuse its discretion in rejecting Appellant's request under the specific circumstances of this case.

evident to the court, the best course is to make some inquiry, however brief, into the reason for the request.[8] But inquiry is not mandatory in all instances, particularly where, as here, the timeline of the proceedings and circumstances surrounding them provide ample support for denying the request to proceed pro se.

We have defined a court's discretion as the "foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions." *Commonwealth v. Baumhammers*, 599 Pa. 1, 960 A.2d 59, 86 (2008) (citation omitted). An abuse of that discretion is "not merely an error of judgment, but ... [a] manifestly unreasonable ... result of partiality, prejudice, bias or ill will." *Id.* The record in this case demonstrates no such unreasonableness, bias or ill will. Appellant's request was not merely late. His suppression motion had been resolved, his jury trial waiver had been accepted, and the admission of evidence against him was nearly complete. Under these circumstances, there was no abuse of discretion in denying Appellant's request to proceed pro se.

Judgment of sentence affirmed.

Justice TODD did not participate in the consideration or decision of this case.

Justices SAYLOR, EAKIN, BAER and McCAFFERY join the opinion.

Chief Justice CASTILLE files a concurring opinion.

### *CONCURRING OPINION*

Chief Justice CASTILLE.

I join the Majority Opinion on the primary issue presented, *see* Majority Op., at 131–33, 977 A.2d at 1160–66, but write to

8. In a concurring opinion, Chief Justice Castille suggests that this direction is unclear. It is intended, however, simply to ensure that the trial court's discretionary ruling is an informed one and that appellate review of the ruling is possible. Thus, where neither the timing of the request nor any other circumstances of the case convinces the trial court that denial of pro se status is warranted, a brief inquiry is appropriate so that the court may issue its discretionary ruling.

distance myself from footnote seven and the ensuing discussion of what is required of the trial court—and what is not required of the defendant—when the court is faced with a bald and untimely request to proceed *pro se.* I certainly agree that the trial court did not abuse its discretion here, but I respectfully disagree with the Majority's formulation of the standard by which to measure that discretion both in this case and going forward. Specifically, unlike the Majority, I believe that the failure of appellant or his counsel to proffer any reason for the belated request, as well as their failure to suggest that the trial court was obliged to inquire further when the counseled appellant made the bald request, alone proves that the trial court did not abuse its discretion. Where, as here, the tardiness of the *pro se* request renders the "right" to self-representation non-absolute, the defense does not proffer a basis for the request, and defense counsel does not ask that the court make further inquiry of his client, I do not believe that the trial court has any obligation beyond issuing its ruling.

On the question of the discretionary response to late requests for self-representation, appellant would make this another instance where we impose an obligation upon the trial judge which essentially forces the trial judge into the role of *sua sponte* advocate for a counseled defendant. *See, e.g., Commonwealth v. Davido,* 582 Pa. 52, 868 A.2d 431 (2005), *cert. denied,* 546 U.S. 1020, 126 S.Ct. 660, 163 L.Ed.2d 534 (2005). Thus, appellant argues that the trial court was obliged to engage in some follow-up inquiry in the wake of his bald and belated request to proceed *pro se,* lest the exercise of discretion by the trial court be totally unmoored. The Commonwealth responds that it should be incumbent upon the counseled defendant to make a proffer or to request some follow-up inquiry and, in any event, no further inquiry was required on the record here.

In formulating its rule going forward, the Majority rejects the Commonwealth's suggestion that the defendant or his counsel has any obligation, Majority Op. at 141, n. 7, 977 A.2d at 1166, n. 7, and instead approves a discretionary rule of vague contours that gives the counseled defendant a free ride.

Thus, the Majority appears to hold that: (1) unless there is a basis to believe that the belated request will cause delay or disruption,[1] "the best course is [for the trial court] to make some inquiry, however brief, into the reason for the request;" (2) notwithstanding that "best course," an inquiry by the court "is not mandatory in all instances;" and (3) no inquiry was required here, because "the timeline of the proceedings and circumstances surrounding them provide ample support for denying the request to proceed pro se." *Id.* at 142, 977 A.2d at 1167. Although the formulation is made unclear both by the qualifiers and by the application here, the Majority appears to approve the notion that whatever obligation of articulation and inquiry obtains in this area rests solely upon the trial judge, and not upon the counseled defendant. I respectfully disagree with this backwards "discretionary" construct. Where the defendant is counseled, defense counsel, not the trial judge, is the advocate for the defense. A lapse by counsel, of course, may then become the basis for a collateral attack premised upon counsel's deficient stewardship.

As the Majority correctly recognizes, the defendant has a near-absolute [2] right of self—representation-provided the exercise of the right is made in a timely and clear fashion. *See, e.g., Davido,* 868 A.2d at 438 (citing *Commonwealth v. Owens,* 496 Pa. 16, 436 A.2d 129, 133 n. 6 (1981)). In *Davido,* the defendant was charged with first-degree murder and rape. Prior to trial, the counseled defendant sent the trial judge a letter requesting either the appointment of new counsel or to proceed *pro se.* The trial court held a pretrial conference to address the requests, and denied both. Following trial, the jury found the defendant guilty of first-degree murder and rape, and following the penalty phase (at which the defendant

1. It is difficult to imagine a scenario where a belated request to proceed *pro se (i.e.,* one by definition made after meaningful proceedings already have begun) does **not** cause delay or disruption. Thus, thankfully, there seems to be little practical room for the Majority's "best course," court-should-*sua-sponte*-inquire alternative.

2. *See Indiana v. Edwards,* —— U.S. ——, ——, 128 S.Ct. 2379, 2387–88, 171 L.Ed.2d 345 (2008) (holding that defendants who, though competent, nevertheless have mental problems that may affect their ability to proceed *pro se,* may be denied the right to proceed *pro se* ).

represented himself), it returned a sentence of death. On direct appeal to this Court, the defendant argued that the trial court had erred in denying his request to proceed *pro se* without holding a colloquy pursuant to Pa.R.Crim.P. 121. The Commonwealth argued that the defendant had waived the Rule 121 claim by not objecting or requesting a colloquy in the court below, and that the claim was therefore best addressed as one of ineffective assistance of counsel. The majority rejected the Commonwealth's argument, reasoning that Rule 121 "sets forth the procedure a judge must follow to determine whether the waiver of counsel was made knowingly, voluntarily, and intelligently" and therefore "it is up to the trial court, and not counsel, to ensure that a colloquy is performed if the defendant has invoked his right to self representation." *Id.* at 437–38. The majority qualified this statement, however, by noting that the trial court only has the duty to insure that the colloquy is conducted if the defendant's request to proceed *pro se* is "timely and unequivocal." *Id.* at 438. If the request is not timely, the majority noted, the question of whether to permit the defendant to waive counsel is left to the sound discretion of the trial court. *Id.* Ultimately, the majority determined that the defendant's invocation of the right to proceed *pro se* was not clear and unequivocal, and thus the trial court did not err in failing to conduct a Rule 121 colloquy. *Id.* at 439–40.

I filed a Concurring Opinion in *Davido,* expressing my disagreement with the rejection of the Commonwealth's waiver argument noting, *inter alia,* that:

... I respectfully disagree with the Majority's conclusion that appellant did not waive his claim of trial court error. At all relevant times, appellant was represented by presumptively competent counsel. Once counsel enter an appearance, they are not potted plants. Lawyers are obliged to present arguably meritorious issues to the trial judge, including issues involving the constitutional right to counsel and the coordinate right to self-representation first recognized in *Faretta* [*Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ], even if such issues may

invite discord between attorney and client. Can it seriously be doubted on this record that if appellant and/or his lawyers had squarely invoked the right to self-representation, cited to *Faretta,* and then asked for a voluntariness colloquy that the trial court would have conducted the colloquy? In my view, the Commonwealth is correct to a mathematical certainty that there is no preserved claim of trial court error on this record; rather, the only claim possibly viable is one sounding in the ineffective assistance of trial counsel which, under this Court's precedent, should await collateral review under the PCRA.

868 A.2d at 447–48 (Castille, J., concurring) (footnote omitted).

This case is not governed by *Davido* because here, unlike in *Davido,* the request for self-representation was untimely. Therefore, Rule 121, which imposes the unusual *sua sponte* duty upon the trial judge that was discussed in *Davido,* does not apply. *Davido* (and Rule 121) stands as an exception to the general rule that it is up to the litigants and their counsel, and not the trial court, to flesh out objections and make necessary inquiries. There being no basis to find a duty upon the part of the trial judge to assume the role of defense counsel, I would make clear that, in a case involving an untimely request to proceed *pro se,* the obligation is upon the defense to make a proffer or supporting argument, or to conduct an inquiry on the record. I would place no obligation upon the trial court to make an inquiry, in place of the defendant and his lawyer.

Appellant here forwarded a bald request, neither he nor his counsel made an argument explaining why the request should be indulged at that late hour in the proceedings, and counsel did not inquire further of his client or ask the judge to do so. In addition, the disruption and likely motivation for the request (appellant had nothing to lose having already lost the suppression motion) were obvious. There cannot have been an abuse of discretion, or a lapse, upon the part of the trial judge. Indeed, the court's response here was perfectly appropriate: "consult with your counsel."