J-S16022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
            :           PENNSYLVANIA
            :
        v.             :
            :
            :
EDWIN ROY SHOWALTER       :
            :
     Appellant        :   No. 1457 MDA 2018

Appeal from the PCRA Order Entered July 31, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003661-2015

BEFORE:  OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:           **FILED APRIL 09, 2019**

Edwin Roy Showalter (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the relevant facts and procedural history of this case as follows:

> On April 19, 2015, [Appellant] entered Harbor Freight in York County to return an item he had purchased.  A dispute arose as to the amount of the refund.  Stephany Nicholson, a cashier at the store, testified that [Appellant] then left the store, but he returned shortly after that dispute to make a purchase.  This time, however, [Appellant] was shouting, and Nicholson noticed he was agitated and invading her "personal space."  N.T. Jury Trial, 7/12/16, at 93.  [Appellant] left the store again, and returned a third time, just before closing time.  Nicholson testified that [Appellant] was "trying to come behind the registers with his fists balled and made [the employees] feel threatened[.]"  *Id.* at 83-84.  Nicholson testified [Appellant] was acting combative, and this time he lifted his shirt and exposed a handgun, which was tucked inside his waistband.  Another store clerk, Elizabeth Spells, testified that at the time [Appellant] lifted up his shirt he said something to the

effect of, "[T]this is what I can do to you." *Id.* at 94. [Appellant] then left the store.

\*      \*      \*

[Appellant] was charged with two counts each of simple assault and harassment, and one count of disorderly conduct. At a pretrial conference, represented by [an] Assistant Public Defender . . ., [Appellant] indicated he wished to represent himself. The court was not satisfied that [Appellant] was willing to waive his right to counsel. Thereafter, at [Appellant]'s request, the public defender filed a motion to withdraw. On February 2, 2016, the court held a hearing on the motion to withdraw and conducted a full waiver colloquy. *See* Pa.R.Crim.P. 121. The court permitted the public defender to withdraw, allowed [Appellant] to represent himself, and appointed [the public defender] as standby counsel.

Following trial, . . . [t]he jury convicted [Appellant] of two counts of simple assault, and the court found him guilty of the summary offense of disorderly conduct. [Appellate Counsel] entered his appearance. The court sentenced [Appellant] to an aggregate term of 9 to 23 months [of] imprisonment, followed by 12 months [of] probation. Post-sentence motions were filed and denied.

*Commonwealth v. Showalter*, 1805 MDA 2016 at 1-4 (Pa. Super. Aug. 29, 2017) (unpublished memorandum; footnotes omitted).

The PCRA court set forth the remaining procedural history:

On October 27, 2016, [Appellant], through counsel, filed a notice of appeal to the Superior Court. On August 27, 2017, the Superior Court affirmed [Appellant]'s judgment of sentence at 1805 MDA 2016. On October 2, 2017, [Appellant] filed a petition for allowance of appeal to the Pennsylvania Supreme Court. On March 29, 2018, the Pennsylvania Supreme Court denied [Appellant]'s appeal.

On May 21, 2018, [Appellant], through counsel, . . . filed a [PCRA petition]. On June 20, 2018, [Appellant] filed an amended petition for [PCRA] relief. On July 31, 2018, [the PCRA court] held a hearing on [Appellant]'s petition and issued an order denying post-conviction relief to [Appellant].

On August 29, 2018, [Appellant] filed a notice of appeal to the Superior Court. On th[e] same date, [the PCRA court] issued an order directing the [Appellant] to file a Concise Statement of Matters Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On September 19, 2018, [Appellant] filed the 1925(b) Statement.

PCRA Court Opinion, 11/7/18, at 2-3.

On appeal, Appellant presents a single issue for our review:

A. WHETHER THE TRIAL COURT ERRED IN DENYING POST-CONVICTION RELIEF BASED UPON PREVIOUS APPELLATE COUNSEL FAILING TO ADEQUATELY LITIGATE VIOLATIONS OF THE SIXTH AMENDEMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 9 OF THE PENNSYLVANIA CONSTITUTION, AND PENNSYLVANIA RULE OF CRIMINAL PROCEDURE 121 FOR FAILING TO ARGUE THAT THE TRIAL COURT, OR COUNSEL, DID NOT ESTABLISH ON THE RECORD THAT APPELLANT UNDERSTOOD PROVISIONS OF PENNSYLVANIA RULE OF CRIMINAL PROCEDURE 121 AND THEREFORE, KNOWLINGLY, INTELLEGENTLY AND VOLUNTARILY WAIVE[D] HIS RIGHT TO COUNSEL?

Appellant's Brief at 7.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

We begin by recognizing:

To be eligible for relief under the PCRA, [a pcra petitioner] must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated

- 3 -

circumstances found in Section 9543(a)(2) (establishing the bases for relief). These circumstances include . . . ineffective assistance of counsel that "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)[(ii)]; *Commonwealth v. Blakeney*, 108 A.3d 739, 749 ([Pa.] 2014). [A pcra petitioner] also must demonstrate that the issues included in his PCRA petition have not been previously litigated or waived. 42 Pa.C.S. §§ 9543(a)(3), 9544(a)-(b) (defining circumstances that lead to waiver and a finding that a claim is previously litigated).

*Commonwealth v. Crispell*, 193 A.3d 919, 927–28 (Pa. 2018).

Appellant's sole issue on appeal challenges the effectiveness of Appellate Counsel. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Bomar*, 104 A.3d at 1188.

Appellant argues that Appellate Counsel was ineffective for failing to properly litigate, on appeal, his claim that Appellant did not knowingly, voluntarily, and intelligently waive his right to counsel at trial. Appellant asserts that Appellate Counsel failed to argue "that Appellant gave no responses to the pertinent inquiries of the trial court from which a conclusion could be drawn that he understood any of the [t]rial [c]ourt's questions and any of the information that must be elicited from him before [trial] counsel could be given permission to withdraw." Appellant's Brief at 18. Appellant contends that Appellate Counsel improperly limited his argument on direct appeal to "the context of the Appellant not being properly advised of the sentencing issues in the case." *Id.* at 19. Appellant further asserts that the record demonstrates that he "did not understand" any of the necessary criteria for waiving his right to counsel under Pennsylvania Rule of Criminal Procedure 121(A)(2). *Id.* at 18. Appellant maintains that "it was readily apparent that Appellant was not mentally capable of defending himself at trial." *Id.*

Upon review, we conclude that this issue does not merit relief. Appellant purports to challenge Appellate Counsel's ineffectiveness with respect to Appellant's claim on direct appeal regarding whether he properly waived his right to counsel before the trial court. Appellant's arguments, however, amount to nothing more than an attempt to re-litigate the waiver of counsel claim he previously raised before this Court.

The Superior Court rejected Appellant's waiver of counsel claim on direct appeal, stating:

> Pennsylvania Rule of Criminal Procedure 121 provides the framework and minimum guidelines for the waiver colloquy to ensure that the defendant's waiver is knowing, voluntary and intelligent. **See** Pa.R.Crim.P. 121(A)(1), (2); **see also Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998). Pursuant to Rule 121, the court must ensure:
>
> > a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
> >
> > b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
> >
> > c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
> >
> > d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure that counsel would be familiar with these rules;
> >
> > e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if those defenses are not raised at trial, they may be lost permanently, and
> >
> > f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.
>
> Pa.R.Crim.P. 121(A)(2).
>
> \* \* \*
>
> The court advised [Appellant] that he could hire private counsel, be appointed counsel if he were indigent, or represent

himself. [N.T., 2/23/16, at 5]. The court advised [Appellant] of the fact that if he chose to represent himself he would be bound by the same rules of law as an attorney. *Id.* at 12. The court also determined that [Appellant] was not under the influence of anything that would interfere with his ability to understand the waiver proceeding, and that [Appellant] was not forced, threatened or promised anything in return for giving up his right to an attorney. *Id.* at 12, 17-18. [Appellant] ultimately agreed to have the assistance of the public defender as standby counsel, and he indicated that he understood that standby counsel would only give advice if he asked for it. *Id.* at 10.

Additionally, we find that [Appellant]'s statements during the colloquy, that the charges were "false charges," *id.* at 4, or that he did not "understand these charges at all[,]" *id.* at 10, does not establish that he did not understand the nature of the charges against him. . . . [A]t the pretrial conference, the court had read [Appellant] the charges against him, and explained to him that he could request a Bill of Particulars if he needed additional information about the nature of the charges. N.T., Pretrial Conference, 12/17/15, at 4-5. The trial court did acknowledge that it did not state the permissible range of sentences and/or fines for the offenses charged verbatim, *see* Pa.R.Crim.P. 121(A)(2)(c), but the court ensured that [Appellant] had access to the guidelines ranges and the maximum sentences applicable to the offenses charged. N.T. Post-Sentence Hearing, 10/24/16, at 5; N.T. Hearing on Motion to Withdraw/Waiver Colloquy, 2/23/16, at 18.

After our review, we find the court's conclusion that [Appellant] knowingly, intelligently and voluntarily waived his right to counsel is supported in the record. *See Commonwealth v. Starr*, 664 A.2d 1326 (Pa. 1995); *see also Commonwealth v. El*, 977 A.2d 1158 (Pa. 2009) (where defendant knowingly, voluntarily, and intelligently seeks to waive Sixth Amendment right to counsel, trial court must allow individual to proceed *pro se*). We agree with the trial court's assessment that [Appellant] understood the implications of his decision to represent himself.

*Showalter*, 1805 MDA 2016 at 5-9 (footnote omitted).

Our review of the record, law and the previous decision of this Court

demonstrates that Appellant previously litigated his issue relating to waiver of

his right to counsel. Not only did this Court conclude that Appellant knowingly, voluntarily, and intelligently waived his right to counsel, but it did so while taking into consideration all of the criteria under Rule 121(A)(2) that Appellant now claims on collateral review that this Court and the trial court did not consider. Even if Appellant were correct that Appellate Counsel improperly limited his arguments relating to Appellant's waiver of counsel claim, Appellant cannot establish that he was prejudiced by Appellate Counsel's tactics, as the Superior Court's decision on direct appeal reflects that it reviewed all of the necessary criteria under Rule 121(A)(2), and determined that Appellant knowingly, voluntarily, and intelligently waived his right to counsel. ***See id.*** Because Appellant previously litigated the issue he raises before this Court, we conclude that the PCRA court did not abuse its discretion in dismissing his PCRA petition. ***See*** 42 Pa.C.S.A. §§ 9543(a)(3), 9544(a)(2).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/09/2019