J-S01024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERTO MELLON | : | |
| | : | |
| Appellant | : | No. 431 MDA 2024 |

Appeal from the Judgment of Sentence Entered November 20, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0002222-2022

BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                              **FILED: JUNE 3, 2025**

Appellant, Alberto Mellon, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his jury trial conviction for one count of driving under the influence of alcohol or a controlled substance ("DUI").[1]  We affirm.

The trial court opinion set forth the relevant facts of this appeal as follows:

> The charges stem from a two-vehicle accident at the intersection of Palm Street and Pittston Avenue in the City of Scranton….  The Commonwealth asserts that at some time after 2:30 a.m. [on July 16, 2022, Appellant] ran a stop sign while traveling on Palm Street and struck a vehicle operated by Tawanna Hill.  Ms. Hill testified she was traveling on Pittston Avenue when [Appellant] ran a stop

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(a)(1).

sign and hit her vehicle.

[Appellant] proceeded to a preliminary hearing on November 3, 2022. Initially, he was assisted by Assistant Public Defender Amanda Gumble. Attorney Gumble advised the Magistrate that [Appellant] told her he wanted to represent himself. The [Magistrate] directed [Appellant] to fill out a waiver of counsel colloquy. [The Magistrate] then conducted an on the record colloquy. [The Magistrate] granted [Appellant's] request to represent himself. He further directed Attorney Gumble to sit in the back of the courtroom as standby counsel. At the conclusion of the testimony, the Magistrate ruled all charges were bound over for trial.

[Appellant's] next court appearance was a pretrial conference held on December 16, 2022. [Appellant] advised this court he wrote a letter requesting an attorney. He also said he filled out an application for a public defender the Monday after his preliminary hearing. He said he had not heard anything yet. He said he refused an attorney at his preliminary hearing. This court directed the public defender's office to research and see if they received the application. The court set a status conference to be held in a few weeks. Assistant Public Defender Douglas Vanston was at the hearing. [Appellant] requested a different public defender. The court denied his request.

[Appellant] next had a final pretrial conference on February 16, 2023. Assistant Public Defender Douglas Vanston appeared on his behalf. Attorney Vanston advised this court [Appellant] "doesn't want to go *pro se* anymore." Attorney Vanston requested additional time to review [Appellant's] *pro se* omnibus motion and to file appropriate motions on [Appellant's] behalf. [Appellant subsequently filed a counseled, omnibus pretrial motion.]

\* \* \*

On May 8, 2023, this court heard testimony on [Appellant's] omnibus motion. He was represented by Attorney Douglas Vanston. [Appellant] stated he had concerns that Attorney Vanston was not following his direction. [Appellant] placed his concerns on the record. The Commonwealth proceeded

to call two witnesses. Attorney Vanston cross-examined both witnesses, at the conclusion of the hearing this court denied the omnibus motion. [Appellant] again raised questions about Attorney Vanston's representation. Attorney Vanston said he would file a **Grazier**[2] motion, as he believed [Appellant] wanted to represent himself.

A hearing took place on May 22, 2023, regarding [Appellant's] request for a new attorney. A lengthy conversation took place, wherein [Appellant] raised his concerns about Attorney Vanston's handling of the case. [Appellant] requested a new attorney. The court granted Attorney Vanston's request to withdraw. On May 25, 2023, this court issued an order allowing Attorney Vanston to withdraw and appointed Attorney Matthew Comerford to represent [Appellant].

[Appellant] next appeared for a final pretrial conference on August 24, 2023. [Appellant's] trial commenced on September 26, 2023. Attorney Curt Parkins, an associate of Attorney Comerford appeared on behalf of [Appellant]. Prior to jury selection, [Appellant] said he was not prepared for trial. He said he spoke to his lawyer for the first time the day before. The court advised [Appellant] he would be afforded additional time to meet with his attorney after jury selection. Testimony was set to begin on the afternoon of September 27, 2023. [Appellant] stated he was not prepared and requested a continuance. This court denied the request. A jury was selected on Monday September 26, 2023. Testimony began on September 27, 2023. Attorney Parkins filed two motions *in limine* on September 27, 2023. This court entertained oral argument and disposed of the motions prior to the start of testimony. This trial resulted in a mistrial due to a statement referencing [Appellant's] prior DUI being played on one of the body cameras in open court. [Appellant] moved for a mistrial. This court granted it.

[Appellant's] second trial began on October 2, 2023. Attorney Parkins again represented [Appellant] at trial. [Appellant] again wanted to place concerns about the

_____

[2] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

- 3 -

testimony and evidence on the record. This court allowed him the opportunity to make a record. [Appellant] again requested a continuance. This court denied the request. [Appellant] again raised concerns about his attorney's representation.

At the conclusion of the testimony and evidence, the jury found [Appellant] guilty of [DUI]. In addition, the jury unanimously found the Commonwealth presented sufficient evidence to support the finding that there was an accident resulting in damage to a vehicle.

Sentencing was set for November 20, 2023. This court imposed the following sentence, eighteen (18) months to sixty (60) months in a state correctional institution and pay a fine of $1,500.00.

\* \* \*

Attorney Parkins filed post-sentence motions on November 29, 2023. This court denied the motions on February 23, 2024. Attorney Comerford filed a Notice of Appeal on [Monday] March 2[5], 2024. On May 21, 2024, this court appointed Robert Buttner, Esquire to represent [Appellant] on appeal. Attorney Buttner filed a concise statement on June 21, 2024.

(Trial Court Opinion, filed 7/12/24, at 1-5) (internal footnotes and record citations omitted).

Appellant now raises two issues for this Court's review:

Did the trial court err in denying Appellant's request to proceed without counsel, or *pro se*, thereby depriving Appellant of such right under the Sixth Amendment of the United States Constitution and Article 1, § 9 of the Pennsylvania Constitution, such that Appellant's trial is rendered illegal and invalid?

Alternatively, if the trial court declined to allow Appellant to proceed *pro se* due to lack of sufficient colloquy, did the trial court err in failing to ensure that an adequate waiver colloquy had been administered.

- 4 -

Did the trial court err by instructing the jury that Appellant's refusal to submit to chemical testing could be considered as substantive evidence in determining whether he had committed a DUI in violation of the Appellant's Federal constitutional rights, including to be free from unreasonable search and seizures, due process and his right to a fair trial?

(Appellant's Brief at 3) (internal footnote omitted).

In his first issue, Appellant contends that he made a request to proceed *pro se* after the parties completed *voir dire* at the second trial. Appellant acknowledges the court's concern that the request might have been a delay tactic, but Appellant maintains that the request was proper where he was not satisfied with his attorney's strategy or ability to communicate. Regarding the timing, Appellant concedes that he made the request after "meaningful trial proceedings" had commenced. (***Id.*** at 23). Appellant insists, however, that "his request would not have delayed matters further, since Appellant indicated that he was ready to proceed[.]" (***Id.***) Moreover, Appellant emphasizes the unequivocal nature of the request:

Here, Appellant did not present the request as an ultimatum and did not ask for new counsel. … Despite the unequivocal request, his own counsel and the trial court posited not just that the request was done for delay but that the jury might be confused, since counsel conducted the *voir dire*. Any confusion that may have been created could have been dispelled with an instruction to the jury regarding Appellant's request to proceed as his own counsel.

(***Id.*** at 25-26). Under these circumstances, Appellant concludes that the court erred by not allowing him to proceed *pro se*. We disagree.

This Court has explained:

A criminal defendant's right to counsel under the Sixth Amendment includes the concomitant right to waive counsel's assistance and proceed to represent oneself at criminal proceedings. The right to appear *pro se* is guaranteed as long as the defendant understands the nature of his choice. In Pennsylvania, Rule of Criminal Procedure 121 sets out a framework for inquiry into a defendant's request for self-representation. Where a defendant knowingly, voluntarily, and intelligently seeks to waive his right to counsel, the trial court, in keeping with **Faretta**[ **v. California**, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)], must allow the individual to proceed *pro se*.

The right to waive counsel's assistance and continue *pro se* is not automatic however. Rather, only timely and clear requests trigger an inquiry into whether the right is being asserted knowingly and voluntarily. Thus, the law is well established that in order to invoke the right of self-representation, the request to proceed *pro se* must be made timely and not for purposes of delay and must be clear and unequivocal.

**Commonwealth v. Green**, 149 A.3d 43, 56-57 (Pa.Super. 2016), *appeal denied*, 641 Pa. 454, 168 A.3d 1255 (2017) (most internal citations and quotation marks omitted).

"Generally, the courts of this Commonwealth have agreed with the federal courts and those of our sister states that a request for *pro se* status is timely when it is asserted before 'meaningful trial proceedings' have begun." **Commonwealth v. El**, 602 Pa. 126, 135-36, 977 A.2d 1158, 1163 (2009) (quoting **Commonwealth v. Jermyn**, 551 Pa. 96, 124, 709 A.2d 849, 863 (1998)). "In the context of a jury trial, the consensus is that proceedings become 'meaningful' as soon as the selection of jurors begins." **Id.** at 136, 977 A.2d at 1163.

"In justifying the need to timely raise the right of self-representation, courts have recognized, among other things, the need to minimize disruptions, to avoid inconvenience and delay, to maintain continuity, and to avoid confusing the jury." *Commonwealth v. Treiber*, 582 Pa. 646, 658, 874 A.2d 26, 32 (2005), *cert. denied*, 547 U.S. 1076, 126 S.Ct. 1783, 164 L.Ed.2d 528 (2006) (quoting *Jermyn, supra* at 124, 709 A.2d at 863). "Obviously, defendants should not be permitted to unreasonably 'clog the machinery of justice' or hamper and delay the effort to administer justice effectively." *Commonwealth v. Brooks*, 628 Pa. 524, 539, 104 A.3d 466, 475 (2014) (quoting *Commonwealth v. McAleer*, 561 Pa. 129, 136, 748 A.2d 670, 674 (2000)). Thus, where an appellant advances a request to represent himself during trial, "the grant of such right [is] within the trial court's discretion." *Treiber, supra* at 658, 874 A.2d at 32.

Instantly, Appellant requested to proceed *pro se* at the second trial immediately before the jury entered the courtroom for opening statements. Appellant pleaded with the court and stated: "I asked if I could represent myself. You denied me. I'm totally competent and capable to represent myself today." (N.T. Trial, 10/2/23, at 3). The court responded: "[T]he jury is literally walking in[to] the courtroom. So I'm concerned that your tactics here might be dilatory." (*Id.* at 3-4). Appellant denied that he was attempting to delay the trial, which prompted the following exchange:

> THE COURT: Okay. So are you ready to go? You're ready to do an opening statement?

- 7 -

[APPELLANT]:          Yeah.  I'll figure it out.

THE COURT:          No, no.  You can't say that.

(*Id.* at 4).  Later, trial counsel added: "Judge, I think it's prejudicial to allow him to do that after I picked a jury, and they're going to be, like, what the hell is going on?  That's going to be the jury reaction."  (*Id.* at 4-5).  Following some additional argument, the court denied Appellant's request to proceed *pro se*.  (*See id.* at 9).

Here, Appellant requested *pro se* status after the jury had been selected. The selection of jurors amounted to meaningful trial proceedings.  *See El, supra*.  Because Appellant made his request after the commencement of meaningful trial proceedings, the request was untimely.  *See id.*  Thus, the court did not abuse its discretion by denying Appellant's untimely request. *See Treiber, supra*; *Green, supra*.

In his second issue, Appellant acknowledges *Commonwealth v. Bell*, 653 Pa. 515, 211 A.3d 761 (2019), *cert. denied*, ___ U.S. ___, 140 S.Ct. 934, 205 L.Ed.2d 522 (2020), which held that evidence of a defendant's refusal to submit a blood sample for testing in the absence of a search warrant may be admitted to demonstrate consciousness of guilt.

> Despite *Bell's* recognition of the United States Supreme Court's approval of implied consent laws allowing for civil penalties and evidentiary consequences for refusal, the Pennsylvania Supreme Court did not extend the admission beyond consciousness of guilt or create a presumption or admission for any other purpose.

(Appellant's Brief at 39-40).

Mindful of the limitations of the holding in **Bell**, Appellant contends that the court's jury instructions should not have included paragraph 7 of Pennsylvania Suggested Standard Criminal Jury Instruction 17.3802(a)(1), which addresses evidence of a refusal.

> The effect of the inclusion of paragraph 7 with paragraph 6 instructs the jury to accept the accused's refusal as they see fit. In other words, the jury can accept the refusal not just as a sign of consciousness of guilt along with all of the other evidence, but as guilt standing alone because they are instructed that they can "give the defendant's refusal whatever weight and meaning [they] think it deserves," not limiting the jury to considering the refusal only as consciousness of guilt.

(**Id.** at 40) (quoting Pa.SSJI (Crim) § 17.3802(a)(1)). Appellant concludes that the court committed reversible error by providing an unconstitutional jury instruction. We disagree.

"The trial court has considerable discretion in fashioning a jury charge." **Commonwealth v. Gomez**, 224 A.3d 1095, 1102 (Pa.Super. 2019), *appeal denied*, 661 Pa. 484, 236 A.3d 1053 (2020). "The court is free to use its own expressions, provided it clearly and accurately conveys the applicable legal concepts at issue." **Id.** "In reviewing instructions to a jury, we consider the entire charge, 'not merely discrete portions thereof.'" **Id.** (quoting **Commonwealth v. Johnson**, 630 Pa. 493, 552, 107 A.3d 52, 87-88 (2014), *cert. denied*, 577 U.S. 831, 136 S.Ct. 43, 193 L.Ed.2d 52 (2015)). "The trial court is not required to give every charge that is requested by the parties and

its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal.'" **Commonwealth v. Scott**, 73 A.3d 599, 602 (Pa.Super. 2013) (quoting **Commonwealth v. Brown**, 911 A.2d 576, 583 (Pa.Super. 2006)).

Our Supreme Court "has never adopted the Pennsylvania Suggested Standard Jury Instructions, which exist only as a reference material available to assist the trial judge and trial counsel in preparing a proper charge." **Commonwealth v. Smith**, 548 Pa. 65, 80 n.11, 694 A.2d 1086, 1094 n.11 (1997). "Accordingly, strict adherence or non-adherence to any of the suggested charges is not necessarily dispositive of the issue of whether the jury charge is legal and proper." **Id.** Pennsylvania Suggested Standard Criminal Jury Instruction 17.3802(a)(1) provides, in pertinent part, as follows:

> **17.3802(a)(1) Driving Under The Influence of Alcohol or a Controlled Substance—General Impairment—Incapable of Safe Driving**
>
> \*   \*   \*
>
> 6.  The Commonwealth argues that the testimony tending to show that the defendant refused to give a sample of [his] [her] [breath] [blood] [urine] indicates that [he] [she] [was conscious that [he] [she] was guilty of driving under the influence] [give specifics]. The defense counsel argues that [[he] [she] did not refuse to give the sample] [or] [this evidence means no such thing]. [The defense maintains that [*give specifics*].]
>
> 7.  If you believe that the defendant was asked for, and refused to give a sample of [his] [her] [breath] [blood] [urine] for testing, you may consider that fact, along with all other relevant evidence, when you are deciding whether the defendant was under the influence of alcohol. Give the

- 10 -

defendant's refusal whatever weight and meaning you think it deserves. [The other relevant evidence includes the circumstances surrounding the request for the sample and defendant's refusal, and any reasons the defendant gave for refusing.]

Pa.SSJI (Crim) § 17.3802(a)(1) (brackets in original).

Additionally, the Motor Vehicle Code provides:

**§ 1547. Chemical testing to determine amount of alcohol or controlled substance**

\*     \*     \*

**(e)     Refusal admissible in evidence.—**In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3802 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

75 Pa.C.S.A. § 1547(e). "[T]he 'evidentiary consequence' provided by Section 1547(e) for refusing to submit to a warrantless blood test—the admission of that refusal at a subsequent trial for DUI—remains constitutionally permissible post-***Birchfield***."[3] ***Bell, supra*** at 540, 211 A.3d at 776.

Instantly, the court conducted a charging conference where the parties

---

[3] ***See Birchfield v. North Dakota***, 579 U.S. 438, 476-77, 136 S.Ct. 2160, 2185, 195 L.Ed.2d 560, \_\_\_ (2016) (explaining: "Our prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply. … Petitioners do not question the constitutionality of those laws, and nothing we say here should be read to cast doubt on them").

debated the applicability of a Section 17.3802(a)(1) instruction. Defense counsel objected to any instruction based upon paragraph 7:

> I think post-**Birchfield**, the law is that, at best, they can use the refusal as evidence of consciousness of guilt. I don't think post-**Birchfield** they can use evidence of the refusal as to go to the fact that he was under the influence of alcohol and drugs. So I think [paragraphs] 5 and 6 apply, but 7, as substantive evidence of guilt, I think post-**Birchfield** can't apply.

(N.T. Trial, 10/3/23 (p.m.), at 6). After additional argument, the court overruled defense counsel's objection. (**See id.** at 7). The court subsequently charged the jury as follows:

> The Commonwealth argues that the testimony tending to show that the defendant refused to give a sample of his blood indicates that he was conscious that he was guilty of driving under the influence. The Defense argues that he … did not refuse to give a sample, and in the alternative, the Defense contends that if you find the defendant gave a refusal, that refusal is not evidence of consciousness of guilt. If you believe that the defendant was asked for and refused to give a sample of his blood for testing, you may consider that fact along with all of the other relevant evidence when you are deciding whether the defendant was under the influence of alcohol. Give the defendant's refusal whatever weight and meaning you think it deserves.

(**Id.** at 131).

In support of its charge, the court explained that it "read to the jury the standard jury instruction for [DUI]. The instruction as read is consistent with the holdings in **Birchfield** and **Bell**[.]" (Trial Court Opinion at 12) (record citation omitted). Considering the applicable case law, we agree with the court's conclusion. Our review of the entire jury charge reveals that the court

adequately conveyed the legal concept at issue. ***See Johnson, supra***; ***Gomez, supra***. Here, the court's refusal to omit the language from Section 17.3802(a)(1) did not result in prejudice to Appellant. ***See Scott, supra***. Thus, Appellant is not entitled to relief on his final claim, and we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/03/2025